**In re: Adoption of S.P.T.**

**Appeal of:  H.A.M. and B.T.M.**

Superior Court of Pennsylvania.

Submitted July 16, 2001.
Filed Aug. 29, 2001.

H.A.M. and B.T.M., appellants, pro se.

Brian J. Cali, Dunsmore, for appellee.

BEFORE: JOHNSON, TODD, and POPOVICH, JJ.

JOHNSON, J.:

¶ 1 H.A.M. and B.T.M. (Appellants) appeal the order of the Lackawanna County orphans' court granting preliminary objections and dismissing their petition to adopt S.P.T. The orphans' court concluded that Appellants had failed to obtain the requisite consent for adoption from the child's guardian, *see* 23 Pa.C.S. § 2711, and so did not have standing to seek the adoption. We conclude that the orphans' court did not abuse its discretion. Accordingly, we affirm.

¶ 2 H.A.M. is the biological mother of S.P.T., born in 1988. B.T.M. is H.A.M.'s current husband whom she married in 1994, and is not the father of S.P.T. H.A.M. and S.P.T.'s biological father (Father) did not marry, and in 1989, agreed jointly to transfer custody of S.P.T. to Andrew M. Thomas. Thomas, now deceased, was S.P.T.'s paternal grandfather. S.P.T. lived with Thomas from 1989 to 1993, during which time, H.A.M. visited the child weekly during the summer and monthly during the other months of the year. In 1993, H.A.M. and Father terminated their parental rights to S.P.T. voluntarily and consented to Thomas's petition requesting that he be allowed to adopt S.P.T. The court decreed the adoption, and from 1993 to 1996 S.P.T. and Thomas lived as a family. During that time, H.A.M. continued to visit S.P.T. in the Thomas household.

¶ 3 In 1996, Thomas died, but left a will appointing his daughter Kathleen M. Thomas to be S.P.T.'s testamentary guardian (Guardian). The orphans' court confirmed Guardian's appointment, and S.P.T., then eight years old, moved into Guardian's home, where she continues to reside. H.A.M. "back[ed] off" her attempts to contact S.P.T. after Andrew Thomas's death due, ostensibly, to disagreements with Guardian. H.A.M. last visited S.P.T. in April 1997, and thereafter, on December 23, 1997, filed a petition for court-ordered visitation. Following a hearing on preliminary objections filed by Guardian, the orphans' court concluded

that H.A.M. failed to demonstrate that she had standing to seek visitation and dismissed H.A.M.'s petition. The court reasoned that H.A.M. had failed to demonstrate, by clear and convincing evidence, a substantial, sustained and sincere interest in the welfare of S.P.T. On appeal we affirmed the court's order. *See McNamara v. Thomas,* 741 A.2d 778, 1999 PA Super 276 (unpublished memorandum).

¶ 4 Following our disposition of the visitation petition, H.A.M. filed with the orphans' court a petition to adopt S.P.T. Again Guardian filed preliminary objections challenging H.A.M.'s standing and asserting that H.A.M. had failed to obtain the requisite consent for adoption specified by section 2711 of the Adoption Act. Guardian failed, however, to file a brief in support of her preliminary objections within the period specified by Lackawanna County Local Rule of Civil Procedure 1028(b). H.A.M. sought dismissal of Guardian's preliminary objections on the basis of the untimely brief, but the orphans' court refused, citing our decision in *Murphy v. Armstrong,* 622 A.2d 992 (Pa.Super.1993). The court reasoned that dismissal of preliminary objections on the basis of untimely filing of a brief would contravene Pa.R.C.P. 239(f) ("No civil action or proceeding shall be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901."). On appeal, we concluded that neither Rule 239(f), nor *Murphy,* proscribed the dismissal of preliminary objections in response to the commencement of an action, but merely proscribed dismissal of the action itself. *See In re: Adoption of S.P.T.,* 764 A.2d 1134 (Pa.Super.2000) (table). Accordingly, we reversed the court's order and remanded the matter to the orphans' court "with instructions that the trial court either dismiss the preliminary objections according to Local Rule 1028(h), or if appropriate,

use its discretion to disregard [Guardian's] procedural defect under Local Rule 1028(g) and Pa.R.C.P. 126 and rule on the preliminary objections on the merits." *Id.* On remand, the orphans' court disregarded the defect of Guardian's untimely filing and ruled on the preliminary objections. The court concluded that Appellants' petition for adoption was deficient, as they had not, and could not, secure Guardian's consent to the adoption. The couple then filed this appeal.

¶ 5 H.A.M. and B.T.M. raise the following questions for our review:

1. Did the trial court show a profound prejudice and bias against the Appellants; thereby dismissing the Petitions for Adoption without considering the full merits of the case? As such did it fail to abide by and follow the instructions and Order of Superior Court dated July 31, 2000[?]

2. Did the trial court abuse its discretion and commit reversible error by dismissing the Appellant's Petition for Adoption without a fair and full impartial hearing, examining all of the facts for a determination as to the Best Interest of the Child?

Brief for Appellants at 4.

¶ 6 Appellants' initial question poses a challenge to the orphans' court's exercise of discretion following our remand for disposition of Guardian's preliminary objections. Brief for Appellant at 10. In support of their challenge, however, Appellants provide only a single reference to the substance of the court's disposition, suggesting that the court erred in failing to address the merits of their case. Appellants contend that such failure constitutes a violation of the remand instruction in our Judgment Order disposing of the prior appeal. Appellants suggest, without citation to law, that our direction to the

court to "use its discretion to disregard Appellee's procedural defect ... and rule on *the preliminary objections* on the merits," *See In re: Adoption of S.P.T.,* 764 A.2d 1134 (Pa.Super.2000) (emphasis added), should properly compel the court to reach the merits of *their claims* and weigh the "Best Interest of the Child." Brief for Appellants at 10.

¶ 7 Appellants misconstrue both our direction and the nature and purpose of preliminary objections. Rule of Civil Procedure 1028 prescribes preliminary objections as the appropriate method by which to challenge a petitioner's capacity to sue and/or the legal sufficiency of the allegations he or she raises as a basis for relief. *See* Pa.R.C.P. 1028(a)(1), (4). Where, as here, a defendant files preliminary objections to a plaintiff's complaint in the nature of a demurrer, *see* Pa.R.C.P. 1028(a)(4), the court's review is confined to the content of the complaint. *See Mellon Bank, N.A. v. Fabinyi,* 437 Pa.Super. 559, 650 A.2d 895, 899 (1994). Thus, the court may determine only whether, on the basis of the allegations the plaintiff pled, he or she possesses a cause of action recognized at law. *See id.* The court *may not* consider factual matters; no testimony or other evidence outside the complaint may be adduced and the court may not address the merits of matters represented in the complaint. *See id.* We did not direct otherwise. Accordingly, the refusal of the orphans' court to address the factual merits of Appellants' *claims* in the face of Guardian's demurrer was legally proper and consistent with our direction. *Cf. Mitch v. Bucks County Children & Youth Services,* 383 Pa.Super. 42, 556 A.2d 419, 424 n. 7 (1989) (admonishing that "the relative *merits* of a petition in no way affect a party's *standing* to file it").

¶ 8 In their second question, Appellants assert that the orphans' court erred in granting Guardian's preliminary objections without first holding a hearing and weighing the best interests of S.P.T. Brief for Appellants at 13. Our standard of review of an order granting preliminary objections in the nature of a demurrer is limited to determining whether the averments of the plaintiff's complaint or petition present a claim that, if proven, would entitle that party to the relief he or she seeks. *See Tucker v. Philadelphia Daily News,* 757 A.2d 938, 942 (Pa.Super.2000).

¶ 9 In this matter, the orphans' court determined that Appellants' complaint failed to present a cognizable claim for adoption, as Appellants failed to secure the necessary consent of Guardian in support of their petition to adopt S.P.T., and so could not establish the requisite standing. Trial Court Opinion (T.C.O.), 1/18/01, at 2–4. Appellants fail entirely to address the rationale of the court's decision, but rather, mount a collateral attack on the process by which H.A.M. relinquished her parental rights as S.P.T.'s birth mother and tendered her for adoption to Andrew Thomas. Brief for Appellants at 13–16. Appellants fail to demonstrate, however, that they made their assertions to the orphans' court: accordingly these matters are not preserved for appellate review and we decline to consider them further. Moreover, we concur in the court's determination that the appellants do not have legal standing to seek adoption of S.P.T.

¶ 10 In our prior review of this case, we determined that H.A.M., upon relinquishing her parental rights as the biological mother of S.P.T., rendered herself a third party to the new parental relationship created by adoption in favor of Andrew Thomas. *See McNamara v. Thomas,* 741 A.2d 778, 1999 PA Super 276 (unpublished memorandum) ("The legal posture of this case is [H.A.M.] as a third party against another third party [Guard-

ian] who has custody."). As a starting point, a third party may establish standing to adopt a child if the record establishes that he or she acts currently *in loco parentis* to the prospective adoptee. *See Chester County Children and Youth Services v. Cunningham,* 431 Pa.Super. 421, 636 A.2d 1157, 1160 (1994). "In loco parentis" status embodies two ideas: "first, the assumption of parental status [by one who is not the child's legal parent], and second, the discharge of parental duties." *In re Adoption of J.M.E.,* 416 Pa.Super. 110, 610 A.2d 995, 997 (1992). "The rights and liabilities arising out of that relation are, as the words imply, exactly the same as between parent and child." *Id.* The undisputed circumstances in this case demonstrate, beyond peradventure, that H.A.M. and B.T.M. have not fulfilled and cannot satisfy the requisite elements to achieve *"in loco parentis"* status in relation to S.P.T. Indeed, as we recognized in our affirmance of the trial court's order denying visitation, H.A.M. has had no contact with S.P.T. since 1997, and has failed since that date to demonstrate even such a level of interest in the child as to merit visitation. We fail to discern how, in view of such apparent disinterest, any person can aspire to *in loco parentis* status, thereby to achieve standing to file a petition for adoption. *See In re Adoption of Wims,* 454 Pa.Super. 498, 685 A.2d 1034, 1035 (1996) (concluding that third-party petitioners lacked standing to adopt child, as although they had previously exercised *in loco parentis* status, they had not filed petition to adopt for five months after relinquishing custody and did not have contact with child in interim).

¶ 11 Moreover, notwithstanding Appellants' evident failure to establish *in loco parentis* status, they failed, as the orphans' court concluded, to secure Guardian's consent to the adoption. This omission is dispositive. Pennsylvania's Adoption Act provides that if a prospective adoptee is younger than eighteen years of age, the petitioner must obtain written consent to the adoption as follows:

### § 2711. Consents necessary to adoption

(a) General rule.—Except as otherwise provided in this part, consent to an adoption shall be required of the following:

(1) The adoptee, if over 12 years of age.

(2) The spouse of the adopting parent, unless they join in the adoption petition.

(3) The parents or surviving parent of an adoptee who has not reached the age of 18 years.

(4) The guardian of an incapacitated adoptee.

(5) The guardian of the person of an adoptee under the age of 18 years, if any there be, or of the person or persons having the custody of the adoptee, if any such person can be found, whenever the adoptee has no parent whose consent is required.

23 Pa.C.S. § 2711(a). Having applied this provision in other cases, we have held that third parties seeking to adopt a child have no standing to proceed "until the absolute, unequivocal, written consent of the children's legal custodian or other person whose consent was necessary [is] given." *Chester County Children and Youth Services v. Cunningham,* 431 Pa.Super. 421, 636 A.2d 1157, 1160 (1994). Although our Supreme Court has carved out a limited exception to this consent requirement on the basis of 23 Pa.C.S. § 2713 (When other consents not required), *see In re Adoption of Hess,* 530 Pa. 218, 608 A.2d 10, 14 (1992), Appellants fail to demonstrate that that exception is applicable to the facts of this case. We conclude that it is not.

¶ 12 The Court in *Hess* concluded, pursuant to section 2713, that the trial court could dispense with the requirement of consent in favor of the adoptive childrens' grandparents in view of the unreasonable refusal to grant consent of the child welfare agency then acting as guardian to the children. *Id.* Since publication of *Hess,* however, both a plurality of the Supreme Court and a panel of this Court have recognized that application of the holding in *Hess* is limited to the facts of that case. *See Chester County Children and Youth Services v. Cunningham,* 540 Pa. 258, 656 A.2d 1346, 1349 (1995); *Chester County Children and Youth Services,* 636 A.2d at 1159. We do not find sufficient similarity between the circumstances at bar and those applied by the Court in *Hess* to invoke the exception that case creates. To be sure, some similarities in the two cases exist; in both cases the parental rights of the birth parents were terminated, and in both the parties petitioning for adoption are biologically related to the children they seek to adopt. We conclude, however, that these similarities are not sufficient to overcome S.P.T.'s intervening adoption by Andrew Thomas. Our courts have recognized explicitly that "a valid adoption severs a child from its natural family tree and grafts it upon that of its new parentage." *In re Schwab's Adoption,* 355 Pa. 534, 50 A.2d 504, 505 (1947). We conclude accordingly, that S.P.T.'s prior adoption raises a circumstance not contemplated by the Court in *Hess* and upon which, consequently, the exception in *Hess* cannot be made to apply. All persons outside the adoptive bond of parent to child are third parties who must, regardless of their biological relation to the child, satisfy the prerequisites for adoption by third parties specified by our law. These prerequisites include a valid consent from the adoptive child's current guardian as required by sub-section 2711(a)(5). In the absence of that consent, a third party petitioner lacks standing to proceed. *See Chester County Children and Youth Services,* 636 A.2d at 1160.

¶ 13 We conclude, accordingly, that the orphans' court did not err in dismissing Appellants' petition to adopt on the basis that they had failed to establish the requisite standing.

¶ 14 Order **AFFIRMED**.