BELTRAMI, J.,
This matter is before the court on plaintiff’s motion for summary judgment (“motion”), filed on December 29,2014. Plaintiff initiated this action on February 5, 2014, by filing a complaint in mortgage foreclosure (“complaint”), naming Simon A. Eisenhardt (“Eisenhardt”), Executor of the Estate of Carolyn J. Shellenberger (“Shellenberger”), deceased, as a defendant. On April 28, 2014, Kim I. Stevens, acting as the administrator of Shellenberger’s Estate (“Stevens”), filed an answer to plaintiff’s complaint on behalf of the estate. The caption on the answer identified Stevens, rather than Eisenhardt, as the representative of the estate. On *63 May 27,2014, Stevens filed a statement of material facts, pursuant to Pa.R.C.P. No. 2352(a), which indicated that Eisenhardt had renounced his position as the executor of Shellenberger’s estate and that Stevens had been granted letters of administration d.b.n.c.t.a. of the estate. Attached to the statement was a short certificate indicating that letters of administration d.b.nx.t.a had been granted to Stevens on April 17, 2014.
Plaintiff filed the instant motion on December 29, 2014, and it seeks a judgment for foreclosure. On January 26, 2015, Stevens filed both an answer to plaintiff’s motion (“response”) and a brief in opposition to plaintiff’s motion. On February 25, 2015, plaintiff filed a reply brief in support of its motion. The case was placed on the January 27, 2015, argument court list and was submitted to the undersigned for disposition on brief. For the reasons that follow, plaintiff’s motion will be granted.
On March 14, 2005, Shellenberger executed and delivered to Mortgage Electronic Registration Systems Inc. (“MERS”) a mortgage on real property located at 818 Stones Crossing, Easton, Pennsylvania (“property”) as security for the repayment of a mortgage loan in the amount of $66,900.00. (Mot. ¶ 4, Exs. A, Al; Resp. ¶ 4.) An assignment of the mortgage from MERS to plaintiff was recorded on September 26,2007, and that assignment was corrected by a corrective assignment recorded on August 20, 2012.[1] (Compl. ¶ 6, Ex. C; Answer ¶ 6.) *64 Shellenberger died on March 15, 2013. (Statement ¶ 1.) The mortgage loan has not been paid since June 1, 2013, and is in default.[2] (Mot. ¶¶ 7-8, Exs. B, C.) On August 9, 2013, plaintiff mailed pre-foreclosure notices pursuant to 41 Pa.C.S.A. § 403 (“Act 6 Notice”) and 12 Pa. CODE § 31.203 (“Act 91 Notice”). (Mot. ¶ 9, Ex. D.) Both notices were sent via certified mail to the property and were addressed to Shellenberger. (Id. )
Plaintiff moves for summary judgment on the theory that there is no genuine dispute as to any material fact and the mortgage is in default, entitling it to judgment as a matter of law. Stevens responds that summary judgment is not warranted because there is no proof that the pre-foreclosure notices were properly served, and the assignment of the mortgage to plaintiff was improper and, thus, not valid.
Pennsylvania Rule of Civil Procedure 1035.2 establishes the standard of review for a motion for summary judgment as follows:
After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may *65 move for summary judgment in whole or in part as a matter of law
(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.
Pa.R.C.P. No. 1035.2. These two prongs represent the
two main avenues per which summary relief may be granted. Employing the first of these, a movant may rely on uncontroverted facts, and/or allow that the factual allegations made by the non-moving party could be true, while contending that, even accepting such facts, judgment should be rendered for the movant as a matter of law. See Pa.R.C.P. No. 1035.2(1). Alternatively, after discovery, a party may challenge the ability of the non-moving party to adduce evidence of facts material to establishing a claim or defense. See id. No. 1035.2(2).
Lance v. Wyeth, 85 A.3d 434, 449-450 (Pa. 2014).
Under either avenue, summary judgment may only be granted when the record clearly shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010). The moving party bears the burden of proving that no genuine issue *66 of material fact exists. Barnish v. KWI Bldg. Co., 916 A.2d 642, 645 (Pa. Super. 2007). In deciding a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. Ario v. Ingram Micro, Inc., 965 A.2d 1194, 1200 (Pa. 2009). Even where the facts are agreed upon, summaiy judgment cannot be entered if the facts can support conflicting inferences. Washington v. Baxter, 719 A.2d 733, 740 n.10 (Pa. 1998).
The party opposing a motion for summary judgment
may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
Pa.R.C.P. No. 1035.3(a)(l)-(2). In other words, the “[fjailure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict in its favor establishes the entitlement of the moving party to judgment as a matter of law.” Young v. Commonwealth, Dep’t of Transp., 744 A.2d 1276, 1277 (Pa. 2000). In deciding a motion for summary judgment, the “record” available for the court’s examination includes *67 the pleadings, discovery materials, affidavits, and expert reports. Pa.R.C.P. No. 1035.1.
In a mortgage foreclosure action, summary judgment is appropriate if the mortgagors “admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount.” Cunningham v. McWilliams, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (citing Landau v. W. Pa. Nat’l Bank, 445 Pa. 217, 282 A.2d 335, 340 (Pa. 1971)). Summary judgment may be granted “even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings.” Id.
U.S. Bank, Nat. Ass’n v. Zimmer, No. 3:12-CV-644, 2015 WL 412389, at *2 (M.D. Pa. Jan. 20, 2015).
Stevens raises three arguments in her brief in opposition to plaintiff’s motion. First, Stevens argues that there is no evidence that the pre-foreclosure notices were sent by certified or registered mail. This is incorrect. Attached to plaintiff’s motion as Exhibit D are both the Act 6 notice and the Act 91 notice. Both notices indicate that they were sent by certified mail, and each identifies the certified mail number used. (Mot. Ex. D.) Also attached are corresponding envelopes, addressed to Shellenberger, containing the same certified mail numbers. (Id.) The relevant statutes require only that the notices be mailed by certified mail, and there is no requirement that the mortgagee provide proof of receipt or of mailing. See 41 P.S. § 403(b); 12 'Pal CODE § 31.203. Plaintiff has provided evidence of compliance with these requirements. Moreover, as noted above, a party opposing summary judgment may not rest on the mere denials in its pleadings but must point to evidence in the record establishing the facts essential *68 to a defense such as this. Stevens has provided no such evidence, making this argument meritless.
Stevens’ second and third arguments concern the assignment of the mortgage to plaintiff. In this regard, Stevens argues there is no such creature as a “corrective” assignment and that the 2012 assignment is not properly attested to under the applicable law, making the assignment to plaintiff invalid. (Def.’s Br. at 4.) These arguments are, in essence, a claim that plaintiff lacks the capacity to sue. “[Preliminary objections [are] the appropriate method by which to challenge a [plaintiff’s] capacity to sue.” In re Adoption of S.P.T., 783 A.2d 779, 782 (Pa. Super. 2001); Pa.R.C.P. No. 1028(a)(5). “Lack of capacity to sue is waived if not raised on preliminary objections.” Carroll v. Exeter Twp., No. 1580 C.D.2013, 2014 WL 3812323, at *6 n.18 (Pa. Commw. Aug. 4, 2014). Thus, defendant has waived her second and third arguments. Even if those arguments had not been waived, they are without merit. See JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1265-66 (Pa. Super. 2013) (note secured by mortgage is negotiable instrument governed by state’s Uniform Commercial Code, and alleged defects in chain of assignments to purported mortgagee did not therefore affect any right of mortgagee to enforce note).
WHEREFORE, the court enters the following:
ORDER OF COURT
And now, this 22nd day of April, 2015, “plaintiff’s motion for summary judgment,” filed on December 29, 2014, is hereby granted.
Judgment in foreclosure is hereby entered in favor of plaintiff and against defendant Kim I. Stevens, *69 Administrator D.B.N.C.T.A. of the Estate of Carolyn J. Shellenberger, for the sum of $75,512.95, plus interest at the per diem rate of $9.76 until the judgment is paid in full, plus any additional recoverable costs and charges collectible under the subject mortgage, which shall also be added to this judgment.

. The original mortgagee, MERS, was acting as nominee for HSBC Mortgage Corporation (“Lender”). (See Compl. ¶ 5, Ex. B; Answer ¶ 5.) The 2007 assignment named MERS as the assignor, without reference to its status as nominee for Lender. (See Compl. ¶ 6, Ex. C; Answer ¶ 6.) The 2012 assignment is titled “corrective corporate assignment of mortgage,” the purpose of which was “to correct the assignor on the assignment recorded on 9/26/07.” (See Compl. ¶ 6, Ex. C; Answer ¶ 6.) *64 This subsequent assignment names the assignor as “[MERS] as nominee for [Lender], its successors and assigns.” (See Compl. ¶ 6, Ex. C; Answer ¶ 6.) Stevens contests the validity of the 2012 assignment and, therefore, denies that the mortgage loan was ever properly assigned to plaintiff. (See Resp. ¶ 6.)

. In her answer, Stevens denied that the mortgage is in default. (See Answer ¶ 8.) However, her denial is a general denial, which, pursuant to Pa.R.C.P. No. 1029(b), constitutes an admission that the mortgage is in default. See also First Wisconsin Trust Co. v. Strausser, 653 A.2d 688, 691-92 (Pa. Super. 1995). Further, Stevens has had ample time to produce evidence that the mortgage is not in default. Yet, in her response to plaintiff’s motion, she merely puts forth additional general denials to the allegation that the mortgage is in default. (See Mot. ¶¶ 7-8; Resp. ¶¶ 7-8.) Therefore, there is no material issue of fact regarding whether the mortgage is in default.