J-S83002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JESSICA DIANA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER NIELSEN | : | No. 1577 EDA 2017 |

Appeal from the Order Entered March 30, 2017
In the Court of Common Pleas of Monroe County Civil Division at No(s):
397 Civil 2017

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                      **FILED JUNE 06, 2018**

Appellant, Jessica Diana, appeals from the March 30, 2017 Order entered in the Monroe County Court of Common Pleas, sustaining the Preliminary Objections in the Nature of a Demurrer filed by Appellee, Walter Nielsen, and dismissing Appellant's Complaint with prejudice.  After careful review, we reverse.

Appellant filed a Complaint alleging Intentional Infliction of Emotional Distress ("IIED") and Invasion of Privacy against Appellee, her landlord, in connection with the following events that she alleged occurred at her residence.  Appellant asserted that Appellee had invaded her privacy during

her family's two-day absence[1] by going through her dresser drawers and a box of her personal items.  She further alleged that on January 21, 2016, Appellee illegally entered the property while Appellant and her two children were at home, ran upstairs, and yelled at them repeatedly to get out.  Appellant's infant and other young child began crying.  Appellant contends she has suffered anxiety, stress, and panic attacks because of Appellee's actions, and required therapy, stress testing, and medication.  Appellant's Compl., 1/19/17, at ¶¶ 7, 9, 12-14, 16, 18-23.

In response to the Complaint, on February 17, 2017, Appellee filed Preliminary Objections in the Nature of a Demurrer.[2]  On February 22, 2017, the trial court entered an Order directing Appellee to file a Brief in support of his Preliminary Objections within 15 days, and Appellant to file a Brief within 30 days.  On February 24, 2017, the court filed another Order in which it indicated that Appellant's failure to file a Brief may result in an adverse ruling.  Appellant did not file a Brief.

On March 30, 2017, the trial court sustained the Preliminary Objections and dismissed Appellant's Complaint with prejudice.  In addressing Appellee's

_____

[1] A dispute unrelated to this appeal arose resulting in Appellant's eviction from the property on January 19, 2016.  However, two days later, on January 21, 2016, the court granted *supersedeas* and Appellant returned to the property.  In his Opinion in the instant matter, the trial court judge indicated that he also presided over Appellant's landlord-tenant action and was, thus, familiar, with the history underlying this matter.

[2] Appellee filed Amended Preliminary Objections on February 22, 2017.  We note that Appellee's Preliminary Objections and Amended Preliminary Objections are virtually identical.

Preliminary Objections, the trial court noted that a party asserting an IIED claim must plead that the defendant's "behavior is outrageous, atrocious, and completely intolerable in a civilized society and goes beyond all possible bounds of decency."  Trial Ct. Op., 3/30/17, at 2.  Relying largely on its prior experience with the parties, the court then purported to address the legal sufficiency of the claims raised in the Complaint, and concluded that the behavior pleaded by Appellant was not "outrageous under the circumstances."[3]  *See id.* at 2-3.  Thus, the court found that Appellant failed to plead a legally sufficient IIED claim.

With respect to Appellant's Invasion of Privacy claim, the court also concluded that Appellant "fail[ed] to plead facts upon which relief can be granted."[4]  *Id.*  In so doing, the court referred to the court's orders in the related landlord-tenant action as being "confusing" and found that "absent allegations [Appellee] knew the Orders allowed exclusive possession to [Appellant] at the time, there are no grounds for recovery."  *Id.* at 3.

---

[3] The court explained that the "circumstances" included "reasonable confusion that could have occurred to both parties due to the different [c]ourt Orders granting and revoking possession."  Trial Ct. Op., 3/30/17, at 2-3.

[4] The court also noted that it sustained Appellee's Preliminary Objections in part based upon Appellant's failure to file a brief.  Trial Ct. Op., 3/30/17, at 3.

On April 10, 2017, Appellant filed a Motion for Reconsideration, which the trial court denied the next day. Appellant timely appealed and complied with the trial court's Pa.R.A.P. 1925(b) Order.[5]

Appellant raises the following issues for our review:

> 1. Did the [t]rial [c]ourt commit reversible error by utilizing information outside the record in its decision to grant [Appellee's] amended preliminary objections and dismiss [Appellant's] complaint with prejudice?
>
> 2. Did the [t]rial [c]ourt commit reversible error when it granted [Appellee's] amended preliminary objections and dismissed [Appellant's] complaint with prejudice based upon [Appellant's] failure to file a brief in opposition?

Appellant's Brief at 2.

Our scope and standard of review of an Order sustaining Preliminary Objections in the Nature of a Demurrer and dismissing a Complaint are well-settled. "When an appeal arises from an order sustaining preliminary objections in the nature of a demurrer, which results in the dismissal of a complaint, the Superior Court's scope of review is plenary." *Werner v. Plater-Zyberk*, 799 A.2d 776, 782 (Pa. Super. 2002). "We review the trial court's decision for an abuse of discretion or an error of law." *Id.* at 783 (citation omitted).

A trial court must resolve preliminary objections in the nature of a demurrer "solely on the basis of the pleadings[.]" *Hill v. Ofalt*, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted). "All material facts set forth in the

_____

[5] The trial court did not file a Rule 1925(a) Opinion; instead it relied on its March 30, 2017 Opinion.

- 4 -

pleading and all inferences reasonably deducible therefrom must be admitted as true." **Id.** (citation omitted). "[N]o … evidence outside the complaint may be adduced and the court may not address the merits of matters represented in the complaint." **In re Adoption of S.P.T.**, 783 A.2d 779, 782 (Pa. Super. 2001).

"Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." **Richmond v. McHale**, 35 A.3d 779, 783 (Pa. Super. 2012) (citation omitted).

"Pennsylvania is a fact-pleading state[.]" **Foster v. UPMC S. Side Hosp.**, 2 A.3d 655, 666 (Pa. Super. 2010) (citation omitted). A Complaint is legally sufficient if it "not only give[s] the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but … also formulate[s] the issues by summarizing those facts essential to support the claim." **Feingold v. Hendrzak**, 15 A.3d 937, 942 (Pa. Super. 2011) (citation omitted).

## Issue I

In Appellant's first issue, she avers that, with respect to both of her claims, the trial court erred in considering "factual information outside the scope of the [C]omplaint, together with factual averments in the [C]omplaint, to determine its own legal conclusions about the legal claims asserted by" Appellant. Appellant's Brief at 5-7. Essentially, Appellant argues that the

court relied on its independent knowledge of the facts in the related landlord-tenant action to determine the merits of Appellant's claims rather than confine itself to an assessment of the legal sufficiency of Appellant's pleadings as is required when considering preliminary objections. *Id.* at 6, *citing* Trial Ct. Op., 3/30/17, at 2 ("[w]e find the above behavior described by [Appellant] is not outrageous nor completely intolerable"). We agree.

The trial court's review of the sufficiency of Appellant's Complaint did not conform to the above well-established requirements. In addressing Appellee's Preliminary Objections, the trial court first set forth the elements that the plaintiff must allege in order to sustain a claim of IIED. *See* Trial Ct. Op., 3/30/17, at 2. Then, rather than considering the legal sufficiency of the allegations in the Complaint, the court observed that it had previously presided over the parties' landlord-tenant dispute and had issued "various orders … in that matter granting and rescinding possession to [Appellee] as Landlord." Trial Ct. Op., 3/30/17, at 1. Relying on its prior experience with the parties—specifically its knowledge that it had issued Orders granting and then revoking possession and speculating that the parties may have been confused as to which Order was in effect—the court then improperly addressed the merits of claims raised in the Complaint, concluding that Appellant's claims lacked merit because she failed to plead that Appellee "knew the Orders allowed exclusive possession to [Appellant] at the time." *Id.* at 2-3. We conclude the trial court erred in considering facts outside of those Appellant alleged in her Complaint in sustaining Appellee's Preliminary Objections.

Accordingly, we reverse the Order sustaining Appellee's Preliminary Objections in the Nature of a Demurrer and dismissing Appellant's Complaint with prejudice. Appellant's Complaint is hereby reinstated.[6]

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/18

---

[6] In light of our disposition of this issue, we need not address the merits of Appellant's second issue on appeal.