J-S09045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRIAN S. ZUCKERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BROWN & BROWN OF PA, LP, BROWN | : | No. 1724 EDA 2025 |
| & BROWN ABSENCE SERVICE GROUP, | : | |
| LLC, AND DANIEL MCCORMICK | : | |

Appeal from the Order Entered May 30, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  221200015

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JUNE 5, 2026**

Appellant, Brian S. Zuckerman appeals from the order entered in the Court of Common Pleas of Philadelphia County, Civil Division, sustaining preliminary objections filed by Defendant/Appellees Brown & Brown of PA and Daniel McCormick and dismissing with prejudice the Complaint filed by Zuckerman.  After careful consideration, we reverse and remand.

The trial court provides an apt summary of pertinent facts and procedural history, as follows:

> Mr. Zuckerman was an employee of Domus, Inc.  In his role as the marketing and business development principal, Mr. Zuckerman was responsible for procuring a group long term disability ("LTD") benefits policy for Domus.  As an employee, he was also a beneficiary of whatever plan he procured.

_____

[*] Former Justice specially assigned to the Superior Court.

Defendant Daniel McCormick is an insurance agent/broker who worked for Defendants Brown & Brown of PA LP, Brown & Brown Absence Group LLC, and Daniel McCormick (together, the Brown & Brown Defendants").

In 2020, Mr. Zuckerman, acting in his capacity as a representative of Domus, worked with the Brown & Brown Defendants to procure a group disability insurance plan for Domus employees. Mr. McCormick, acting on behalf of the Brown & Brown Defendants, facilitated a transition of Domus's LTD insurance from Dearborn Life Insurance Company ("Dearborn") to Equitable Insurance Company ("Equitable"). In an email exchange in November 2020, Mr. McCormick provided Equitable's coverage options to Mr. Zuckerman. On December 1, 2020, Equitable became the LTD Coverage provider for Domus.

In the fall of 2020, Mr. Zuckerman was diagnosed with large B-cell lymphoma, a type of cancer. He went on full-time medical leave on January 15, 2021. Mr. Zuckerman alleges that the Brown & Brown Defendants knew that he would be undergoing treatment and would ultimately be unable to work, and that they made assurances. . . that he would not lose his LTD Benefits with a change in long term disability insurers." Compl. ¶ 42. Although Mr. Zuckerman did not lose coverage, he alleges that his insurance premiums increased to $15,000 per month when Equitable became Domus's insurance carrier. Compl. ¶ 23.

Mr Zuckerman initiated this action via Writ of Summons on November 30, 2022, naming the Brown & Brown Defendants [and demanding judgment in the amount of $50,000.00 plus interest and costs.] Domus is not a party to this action. On June 7, 2023, a rule was issued upon Mr. Zuckerman for failure to file and serve a Complaint. On September 11, 2023, before a rule hearing was held, Mr. Zuckerman filed a motion to stay this action, pending the outcome of a separate action Mr. Zuckerman had filed in the U.S. District Court for the Eastern District of Pennsylvania against Dearborn and Equitable (Case number 2:22-cv-01993).

The federal action concluded on August 7, 2024, when the District Court granted Dearborn's Motion for Summary Judgment and dismissed the case. Thereafter, Mr. Zuckerman filed a motion to lift the stay in this case, and he filed his Complaint on March 3, 2025.

The Complaint alleges claims for Breach of Contract, Breach of Fiduciary, Negligent Misrepresentation, Negligence, and Unjust Enrichment. The Brown & Brown Defendants filed Preliminary Objections to the Complaint, which Mr. Zuckerman opposed. [The trial court] sustained the Preliminary Objections to the Complaint and dismissed the action with prejudice.

Mr. Zuckerman filed this timely appeal on June 27, 2025. In his concise statement of errors, Mr. Zuckerman states that the allegations in the Compling are legally sufficient to support his claims.

Trial Court Opinion, 9/24/2025, at 1-3.

Mr. Zuckerman presents the following Statement of the Question Involved for this Court's consideration:

Did the trial court err by granting the Preliminary Objections and dismissing the Complaint in its entirety when:

(1)  the facts pleaded, if viewed most favorably toward Appellant (the non-moving party), set forth viable causes of action; and,

(2)  the [trial court] did not grant Appellant leave to file an Amended Complaint?

Brief of Appellant, at 4.

Our review of a trial court's grant of preliminary objections in the nature of a demurrer is as follows:

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably

- 3 -

deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted). "[N]o ... evidence outside the complaint may be adduced and the court may not address the merits of matters represented in the complaint." *In re Adoption of S.P.T.*, 783 A.2d 779, 782 (Pa. Super. 2001). *Catanzaro v. Pennell*, 238 A.3d 504, 507–08 (Pa. Super 2020).

"Pennsylvania is a fact-pleading state[.]" *Foster v. UPMC S. Side Hosp.*, 2 A.3d 655, 666 (Pa. Super. 2010) (citation omitted). To be legally sufficient, "a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." *Feingold*, 15 A.3d at 942.

Zuckerman's Complaint raised several causes of action, namely, breach of contract, breach of fiduciary duty, negligent representation, and unjust enrichment, based on allegations that Defendants/Appellees McCormick and Brown & Brown failed to effectuate assurances upon which he relied to his detriment. Specifically, the Complaint alleges that Defendants/Appellees stated they would procure a Group Long Term Disability Insurance provider whose policy of insurance for Domus employees also would cover him, even though he already was disabled and had been collecting LTD benefits from

Domus' then-existing LTD insurer. Zuckerman contends herein that the allegations of fact set forth in his Complaint were sufficient as a matter of law to support his causes of action and, therefore, withstand preliminary objections. For reasons that follow, we address only the breach of contract issue raised on appeal, as we find it dispositive.[1]

First, Zuckerman contends his pleadings support a claim for breach of contract through allegations that written and oral communications between Brown & Brown and him give him standing to enforce the LTD contract for insurance brokerage services as a direct party to the brokerage contract. Specifically, he alleged that his singular and preeminent role carried out on behalf of Domus in procuring Brown & Brown and negotiating with them on the ultimate selection of a new group LTD insurer made him a *de facto* party to the brokerage contract.

Brown & Brown Defendants refute Zuckerman's argument that he was party to the contract in the present matter and contend that his own Complaint alleges that Brown & Brown's broker/customer relationship was with his employer, Domus, and not with him. Zuckerman's role in this matter, Brown & Brown insist, was solely as a representative of Domus after the company had enlisted Brown & Brown to obtain insurance coverage for its employees. Their preliminary objections assert that no form of contract—oral, written, or

---

[1] To the extent that Zuckerman raises challenges to the trial court's order denying relief on his claims of Breach of Fiduciary Duty, Negligent Misrepresentation, Negligence, and Unjust Enrichment, we discern no error with the trial court's orders.

implied-in-fact—between Zuckerman and Brown and Brown was alleged directly or otherwise suggested in Zuckerman's Complaint.

The trial court agreed and rejected this breach of contract claim, as it found under Zuckerman's own Complaint that "[a]ny alleged relationship he had with the Brown & Brown Defendants was based on Mr. Zuckerman's role as an employee and principal of Domus." TCO at 4. It continued, "He personally had no contract with the Brown & Brown Defendants, and any duty that the Brown & Brown Defendants owed was to Domus, who was not a party to this action." TCO at 4. The trial court elaborated:

> Mr. Zuckerman alleges that he entered into a binding contractual agreement with the Brown & Brown Defendants, but he does not specify or attach any contract between himself and the Brown & Brown Defendants. Based on the pleadings, any relevant contract with the Brown & Brown Defendants was with Domus, and any involvement by Mr. Zuckerman was solely as a representative of Domus.
>
> . . .
>
> Indeed, the Complaint alleges that the Defendants 'assisted in the completion of all relevant insurance documents to initiate *Domus, Inc.'s group disability plan*.' Compl. ¶ 19 (emphasis added). Here, a required element of a breach of contract claim – namely a contract between the plaintiff and defendant – is missing. ***See Telwell, Inc. v. Grandbridge Real Estate Capital, LLC***, 143 A.3d 421, 427 (Pa. Super. 2016).

TCO at 4-5.

The law requires the establishment of three elements to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms; (2) a breach of the contract; and (3) resultant damages, i.e.,

- 6 -

those damages suffered from the breach. ***412 N. Front St. Assocs., LP v. Spector Gadon & Rosen, P.C***., 151 A.3d 646, 656–57 (Pa. Super. 2016). "[A] complaint need not identify specific legal theories, but it must provide essential facts to support the claim." ***Id***.

Here, our review supports the trial court's reasoning and conclusion that Zuckerman's breach of contract claim referenced conversations and negotiations in which he engaged solely as an employee/principal of Domus and on behalf of Domus for the purpose of securing for Domus a new LTD insurance plan and provider. As such, because Zuckerman's Complaint identified no contract between himself and Brown & Brown, we find no error with the trial court's rejection of his breach of contract claim on this basis.

Zuckerman also argues, however, that the facts as pleaded in his Complaint present a breach of contract claim on the alternate theory he was an intended third party beneficiary to the contract between Domus and Brown & Brown. We review whether, when viewed under the standard of review applicable to an appeal from an order granting preliminary objections, Zuckerman's Complaint pleaded sufficient facts to support a third party beneficiary claim within the breach of contract count that would enable it to survive preliminary objections.

> It is well-established that a plaintiff must provide sufficient factual averments in his or her complaint to sustain a cause of action. "Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to

support the claim." **Foster** [ ], [2 A.3d at 666] (quoting **Lerner v. Lerner,** 954 A.2d 1229, 1235 (Pa. Super. 2008)).

**Feingold**, 15 A.3d at 942.

Brown & Brown Defendants/Appellees contest Zuckerman's third party beneficiary claim by noting our Supreme Court has reasoned that "a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself." **Scarpetti v. Weborg**, 609 A.2d 147, 150 (Pa. 1992). The contract in this case did not identify Zuckerman as a third party beneficiary or express an intention to benefit him as such, they argue. Furthermore, Appellees correctly note that Zuckerman's Complaint did not explicitly allege that he possessed a third party beneficiary status in relation to the brokerage contract.[2]

With respect to Zuckerman's claim that he was a third-party beneficiary to the Contract, we reproduce more fully our Pennsylvania Supreme Court's jurisprudence on the matter:

> A party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, unless the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

**Scarpetti**, 609 A.2d at 150-51. **See also Kirschner v. K & L Gates LLP**, 46 A.3d 737, 762 (Pa. Super. 2012) (observing that third-party beneficiary

---

[2] The Complaint does allege that at all relevant times he was a beneficiary of the Dearborn-provided Domus, Inc. LTD plan. **See** Complaint at ¶ 8.

status may be had, even when contract does not state one's status as such, where beneficiary's right is appropriate to effectuate the intention of the parties and the circumstances indicate the promisee intends to give the beneficiary the benefit of its promised performance).

Here, Zuckerman has filed a Complaint in which he pleads facts indicating that both Domus and Brown & Brown executed a contract whose purpose it was to ensure Domus employees had access to LTD insurance should the need arise. Specifically, the Complaint alleges that Domus engaged the services of Brown & Brown for their experience, expertise, and knowledge in affordable group disability benefit policies so that Domus could provide Zuckerman and all its employees with adequate LTD insurance. Complaint at ¶ 17. The Complaint also alleged that Brown & Brown, through its agent McCormick, understood the predicament of then-newly diagnosed and disabled Zuckerman and specifically reassured him that Brown & Brown would work to ensure that Domus' transition to a new LTD insurer would be tailored to his needs and, thus, enable him receive the new group LTD insurance during his existing lymphoma diagnoses-related disability. Complaint at ¶ 27.

As stated, the Complaint describes a contract between Domus and Brown & Brown in which the purpose was to enable Domus to provide its intended beneficiaries—Domus employees—with access to LTD insurance coverage should they experience a qualifying disability that requires a leave of absence from work. Viewed within that context, the Complaint, at the very least, is sufficiently worded to present a factual dispute over whether both

Domus and Brown & Brown entered an LTD insurance brokerage contract with the intent of benefitting principal Zuckerman as he dealt with a new cancer diagnosis that had left him disabled and in need of continued access to employer-provided long term disability insurance. As such, we find the facts presented in Zuckerman's Complaint sufficiently compelling under our jurisprudence to survive preliminary objections.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/5/2026

- 10 -