J-A21027-23

2024 PA Super 52

| | | |
|---|---|---|
| ANTOINE POTEAT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GARY ASTEAK AND NINO V. TINARI | : | No. 729 EDA 2023 |

Appeal from the Order Entered February 7, 2023
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2022-C-02045

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

OPINION BY DUBOW, J.:                    **FILED MARCH 21, 2024**

Appellant, Antoine Poteat, appeals *pro se* from the February 7, 2023 order entered in the Lehigh County Court of Common Pleas that sustained the preliminary objections filed by Appellees, Gary Asteak, Esq., and Nino v. Tinari, Esq., and dismissed his complaint for breach of contract with prejudice. Appellant challenges the trial court's application of the gist of the action doctrine.  Upon review, we find that the trial court erred. Even though the duty that Appellees undertook in the contract with Appellant is similar to the duty that a plaintiff could assert in a malpractice claim, the gist of the action doctrine does not authorize the trial court to 1) recharacterize a contract claim as a tort claim and, thus, extinguish a plaintiff's rights that the parties agreed to in a contract and then 2) dismiss the complaint on the grounds that the statute of limitation bars the tort claim.  Accordingly, we reverse.

The relevant procedural and factual history is as follows. Appellant entered into a written agreement to pay Appellees $7500 each in exchange for competent legal services and representation ("Retainer Agreement") during Appellant's criminal prosecution for multiple counts of Possession with Intent to Deliver ("PWID"). After the trial court convicted Appellant and sentenced him to 5 to 10 years' incarceration, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA") alleging ineffective assistance of trial counsel for failing to file a speedy trial motion pursuant to Pa.R.Crim.P. 600 ("Rule 600") as well as a motion for credit for time served. The PCRA court found Appellees to be ineffective in their legal representation of Appellant and granted Appellant a new trial.

Consequently, on September 19, 2022, Appellant filed a *pro se* breach of contract complaint against Appellees and averred that both "failed to adequately perform with regards to the applicable standards of competence and diligence required in the field and profession of law[.]" Complaint, 9/19/22, at ¶ 28. Specifically, Appellant averred that Appellees both failed to raise Rule 600 issues, that Attorney Tinari failed to request credit for time served at the time of Appellant's sentencing, and that Appellant was incarcerated for almost four years because of Appellees' failure to competently perform their legal duties. *Id.* at ¶ 28-30. Appellant requested both compensatory and punitive damages.

Appellees both filed preliminary objections in the nature of a demurrer, averring that Appellant's breach of contract claim is legally insufficient based

on the gist of the action doctrine. Appellees argued that Appellant's claim sounds in tort, namely negligence, and fails to allege a breach of a specific executory promise in the parties' Retainer Agreement. Appellees concluded that since Appellant's claim was only one in negligence, the statute of limitations barred the claim. Appellant filed a response asserting that a breach of a specific contractual term is unnecessary and general assertions of a breach of duty are sufficient.

On February 7, 2023, the trial court sustained Appellees' preliminary objections by recasting Appellant's breach of contract as a tort claim and concluding that the statute of limitations barred the tort claim.[1]

Appellant filed a timely *pro se* notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the trial court commit legal error when it opined the gist of the action doctrine barred a breach of contract/legal malpractice [claim] against a[] criminal attorney with a contract?

2. Did the trial court improperly use the gist of the action doctrine?

3. Did the trial court commit legal error in dismissing [] Appellant's complaint with prejudice?

Appellant's Br. at 6 (reordered for ease of disposition, some capitalization omitted).

---

[1] An action sounding in tort is subject to a two-year statute of limitations, while a breach of contract claim is subject to a four-year statute of limitations. *See* 42 Pa.C.S. §§ 5524 and 5525.

- 3 -

## A.

In sustaining Appellees' preliminary objections in the nature of a demurrer, the trial court concluded that Appellant's complaint was legally insufficient pursuant to Pa.R.Civ.P. 1028(a)(4). The question of whether a complaint is legally insufficient involves a pure question of law, such that our standard of review is *de novo*. **Catanzaro v. Pennell**, 238 A.3d 504, 507 (Pa. Super. 2020).

A trial court must resolve preliminary objections "solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered[.]" **Hill v. Ofalt**, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted). In ruling on preliminary objections in the nature of a demurrer, the trial court must "accept as true all well-pleaded allegations of material fact and all reasonable inferences deducible from those facts and resolve all doubt in favor of the non-moving party." **Palmiter v. Commonwealth Health Sys., Inc.**, 260 A.3d 967, 970 (Pa. Super. 2021) (citation and quotation marks omitted). Moreover, preliminary objections seeking dismissal of a cause of action "should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." **Catanzaro**, 238 A.3d at 507 (citation omitted). Appellate courts "apply the same standard as the trial court in evaluating the legal sufficiency of the complaint, and examine whether, on the facts averred, the law says with certainty that no recovery is possible." **Palmiter**, 260 A.3d at 971.

**B.**

In his first two issues, Appellant avers that the trial court erred when it sustained Appellees' preliminary objections by relying on the gist of the action doctrine to recharacterize Appellant's breach of contract action as a tort action and then concluding that the statute of limitations bars the tort claim. Appellant's Br. at 6. In particular, Appellant avers that his complaint alleges a breach of contract and the contract implicitly imposed on Appellees the duty to provide services consistent with the profession at large and thus, the trial court erred in recharacterizing his contract claim as a tort claim. *Id.* at 11, 17. We agree.

The trial court opined that Appellant failed to allege a specific breach of a specific duty imposed by the contract:

> Pursuant to the factual allegations of [Appellant]'s [c]omplaint, the gist of the action is one of tort, specifically professional negligence. Asserting only factual allegations of professional negligence is not sufficient to support a breach of contract cause of action. **The breach of contract claim as pled is legally insufficient as it did not allege a specific breach of a specific duty imposed by the contract**. Accordingly, this court sustains [Appellant]'s preliminary objections in the nature of a demurrer and dismisses [Appellant]'s [c]omplaint in its entirety.

Trial Ct. Op., dated 2/7/23, at 6-7 (emphasis added).

The trial court, however, ignores the holding in *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993), in which the Pennsylvania Supreme Court addressed the special nature of an attorney-client agreement and the terms implicit in such an agreement. Our Supreme Court explained that "an attorney

- 5 -

who agrees for a fee to represent a client **is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large."** *Id.* (emphasis added).

This Court adopted a similar holding in *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. 2002), when we found that when an attorney and client enter into an agreement for the attorney to provide legal services, the agreement contains an implicit "contractual duty" on the attorney to render legal services in a manner that comports with the profession at large:

> *Bailey* established the proposition that every contract for legal services contains, as an implied term of the contract, a promise by the attorney to render legal services in accordance with the profession at large. **Thus, when an attorney enters into a contract to provide legal services, there automatically arises a contractual duty on the part of the attorney to render those legal services in a manner that comports with the profession at large**. Hence, a breach of contract claim may properly be premised on an attorney's failure to fulfill his or her contractual duty to provide the agreed upon legal services in a manner consistent with the profession at large.

*Id.* at 694 (emphasis added). Thus, we found that the trial court erred in concluding that the legal services agreement between Appellant and Appellees did not impose a "specific duty" on Appellees.

Accordingly, it is clear that our case law imposes a duty, albeit an implicit one, on attorneys to perform legal services in a professional manner.[2]  The

---

[2] We note that the trial court, in concluding that Appellant failed to identify a duty that Appellees breached in their Retainer Agreement, relies on *Lincher v. Wyrich*, No. 2.20-CV-1843, 2021 WL 5363324 at *4 (W.D. Pa. June 30,
*(Footnote Continued Next Page)*

court here erred when it failed to acknowledge this implicit contractual duty and, as a result, incorrectly found that the Retainer Agreement did not impose a duty on Appellees to provide legal services in manner consistent with the profession at large.

**D.**

The trial court also erred by invoking the gist of the action doctrine to extinguish Appellant's rights provided for in the Retainer Agreement. The gist of the action doctrine is generally "designed to maintain the conceptual distinction between breach of contract claims and tort claims. As a practical matter, the doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into a tort claim." *Mirizio v. Joseph*, 4 A.3d 1073, 1079 (Pa. Super. 2010).

Our Supreme Court has articulated the "fundamental principles comprising the gist of the action doctrine have long been an integral part of our Court's jurisprudence and have . . . been employed by our Court for the purpose of determining **whether a plaintiff may, as a matter of law, bring an action in tort for a defendant's alleged negligent acts committed**

---

2021), a case from the Western District of Pennsylvania that relied on unpublished Superior Court and federal court decisions to conclude that "***Gorski's*** broad interpretation is no longer correct." Obviously, it is only the Pennsylvania Supreme Court that can overrule ***Gorski.*** Until such time, ***Gorski*** as well as ***Bailey*** remain the law in Pennsylvania and legal services agreements implicitly impose on counsel the duty to perform legal services in a manner that comports with the profession at large.

**during the existence of their contractual relationship.**" *Bruno v. Erie Insurance Company,* 106 A.3d 48, 68 (Pa. 2014) (emphasis added).

To make the determination of whether a plaintiff may maintain a negligence claim against a defendant when the parties have a contract, the Supreme Court found that "[i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—*i.e.*, a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract." *Id.* In contrast, "[i]f, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence exists regardless of the contract, then it must be regarded as a tort." *Id.* (citations omitted). To make that determination, the Supreme Court held "**the nature of the duty alleged to have been breached**, as established by the underlying averments supporting the claim in a plaintiff's complaint, to be the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract." *Id.* at 69 (emphasis added; footnote omitted).

The Supreme Court applied these principles to the facts of *Bruno*—a case relied on heavily by the trial court—and concluded that the duty that the contract imposed on the defendant was different from the duty alleged in the complaint and thus, the contract did not preclude the plaintiff from asserting a tort claim. In *Bruno*, the plaintiff/homeowners had purchased homeowner's

insurance from the defendant/insurance company. The plaintiffs informed their homeowner insurance company that they had found mold in their home. The defendant insurance company retained an engineer and adjuster to determine whether there was mold in the plaintiff's home. The engineer and adjuster came to their home to investigate mold and informed the homeowners that the mold was harmless and had no health consequences. *Id.* at 51-53.

The homeowners relied on this advice, later suffered health problems from mold exposure, and sued the defendant/insurance company. The homeowner/plaintiff asserted a tort claim against the defendant/insurance company, alleging that its engineer and adjuster negligently advised the homeowners about the risk of exposure to mold. *Id.* The defendant/insurance company argued that the gist of the action doctrine precluded the plaintiff from maintaining its tort claims because the insurance contract determined the scope of the insurance company's duty to the homeowner and the contract did not impose the duty to provide accurate advice about mold to the homeowner. Our Supreme Court disagreed and concluded the gist of the action doctrine did not apply because the negligence claim was based on an alleged breach of a social duty imposed by the law of torts, and not a breach of a duty created by the underlying contract of insurance. *Id.* at 50-51. Thus, even though the plaintiff and defendant had a contractual relationship, the duty expressed in the contract differed from the

duty the plaintiff asserted in its tort claim, so the gist of the action doctrine did not bar the plaintiff from asserting a tort claim.

In this case, as stated above, the trial court relied heavily on the analysis set forth in **Bruno** to conclude that even though Appellants and Appellees had entered into a binding contract, the gist of the action doctrine extinguished any rights that the Retainer Agreement provided to Appellant. Trial Ct. Op. at 6. The trial court reasoned that because the contractual duty that Appellee asserted in the complaint was the same duty that Appellee could have asserted in a tort claim, namely factual allegations of professional negligence, the gist of the action doctrine converted the contractual duty into a tort duty and thus, extinguished Appellants' duty inherent in the contract. **Id.** In other words, the trial court used the gist of the action doctrine to extinguish any duty Appellees undertook in the Retainer Agreement on the grounds that Appellant could assert that same duty in a tort claim.

The trial court misapplied the holding in **Bruno**. The Supreme Court articulated the principles for the gist of the action doctrine as applying to whether a plaintiff who has a contract with a defendant may maintain a tort claim as well. The Supreme Court did not hold, and we have found no binding authority, for the trial court's conclusion that the gist of the action doctrine extinguishes any rights that the contract provides a plaintiff when the duty the defendant undertook in the contract is the same duty that a tort claim would impose on a defendant. In other words, the gist of the action doctrine does not extinguish contractual rights; it merely addresses whether a plaintiff

can assert a tort claim when the duty set forth in the contract is similar to the duty that the plaintiff alleges in a tort claim.

Returning to the facts of this case, Appellant alleged that Appellees breached the Retainer Agreement by providing ineffective counsel. Specifically, Appellant avers that (1) he signed a Retainer Agreement with Appellees, (2) Appellees failed to adequately perform with regards to the applicable standards of competence and diligence required in the field and profession of law, and (3) he was convicted of multiple counts of PWID and incarcerated from September 21, 2015, to July 9, 2019, due to Appellees' failure to competently perform their legal duties. Complaint at ¶¶ 24-25, 28-30. Appellant did not allege a tort claim but, rather, a valid breach of contract claim. Thus, the trial court erred in converting the breach of contract claim into a negligence claim and then dismissing the claim on the basis of the statute of limitations.

Accordingly, we conclude that the trial court erred when it sustained Appellees preliminary objections and dismissed the complaint with prejudice.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2024

- 11 -