J-A18024-20

2020 PA Super 210

| JENNIFER CATANZARO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EILEEN V. PENNELL | : | No. 1792 WDA 2019 |

Appeal from the Order Entered November 25, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-19-008564

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

OPINION BY DUBOW, J.: **FILED SEPTEMBER 1, 2020**

Appellant, Jennifer Catanzaro, appeals from the Order entered November 25, 2019, which sustained Preliminary Objections filed by Appellee, Eileen V. Pennell, and dismissed Appellant's Amended Complaint with prejudice. After careful review, we affirm.

In 1987, Helma V. Gouker permitted Appellant to place a trailer on Ms. Gouker's property ("Property") in Clairton.[1] Appellant has maintained a trailer on the Property since that time, initially living in the trailer and later renting it to others.

In 1990, Ms. Gouker deeded the Property to Appellee and Emmett L. Gouker, both her children, as joint tenants with right of survivorship, reserving

_____

[1] In light of the procedural posture of this case, we derive this background from the pleadings in Appellant's Amended Complaint.

for herself a life estate.[2]  The deed was recorded; however, shortly thereafter, Ms. Gouker sought return of the Property.  When Appellee declined, Ms. Gouker commenced litigation, alleging that the Property transfer was fraudulent and the result of undue influence.  In 1992, Ms. Gouker secured a default judgment but never executed on the judgment.  Ms. Gouker died intestate in 2002.  Emmett Gouker died in 2016.

Based on these facts, Appellant asserts a possessory interest in the Property and that Appellee is not the rightful owner of the Property.

In June 2019, Appellant commenced litigation against Appellee in two counts, seeking to quiet title (1) by enforcing the default judgment entered in 1992 and returning the Property to Ms. Gouker's estate; and (2) by adverse possession.  Appellee filed Preliminary Objections, asserting insufficient specificity, legal insufficiency, lack of capacity to sue, and nonjoinder of a necessary party.  Upon review, the trial court directed Appellant to amend her Complaint to join indispensable parties relevant to Count 1 and dismissed Count 2 with prejudice.

In October 2019, Appellant filed an Amended Complaint.  Appellant did not join additional parties, nor did she premise her prayer for relief on the same legal theories as in her initial Complaint.  In her sole count, Appellant sought to quiet title by forcing Appellee to commence an action in ejectment.

---

[2] Ms. Gouker was Appellant's grandmother.  However, neither Appellee nor Emmett Gouker are parents to Appellant.

In so doing, Appellant did not abandon or amend her averments describing the 1992 default judgment, and it remains integral to her prayer for relief. However, enforcing the default judgment was no longer the legal premise of her claim; rather, Appellant relied on the default judgment as a factual predicate for her assertion that Appellee has no viable ownership interest in the Property.

Appellee again filed Preliminary Objections, asserting Appellant's failure to conform to rule of court, insufficient specificity, legal insufficiency, lack of capacity to sue, and nonjoinder of a necessary party. The trial court sustained these Preliminary Objections and dismissed Appellant's Amended Complaint with prejudice.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court issued a responsive Opinion.

In this appeal, Appellant raises the following issues, rephrased for clarity and reordered for ease of analysis:

1. Whether the trial court erred in sustaining Appellee's Preliminary Objections asserting legal insufficiency, as Appellant pleaded possession of the Property since 1987 as a "true owner" would, and "by reasonable inference" pleaded that Appellee was not in possession of the Property, thereby stating a claim pursuant to Pa.R.C.P. 1061(b)(1);

2. Whether the trial court erred in sustaining Appellee's Preliminary Objections asserting failure to conform to rule of court and nonjoinder of an indispensable party, as Appellant pleaded possession of the Property and requested that the court compel Appellee to commence an action in ejectment pursuant to Pa.R.C.P. 1061(b)(1), 1066(b)(1); and

3. Whether the trial court erred in sustaining Appellee's Preliminary Objections asserting lack of capacity to sue under Pa.R.C.P. 1061(b)(1), as Appellant pleaded possession of the Property, undisputedly has an interest in the Property, and could lose that interest absent relief from the trial court.

*See* Appellant's Br. at 3-4.[3]

In her first issue, Appellant asserts that her Amended Complaint set forth legally sufficient pleadings to sustain a claim to quiet title. **See** Appellant's Br. at 13-17. In particular, Appellant references those pleadings in which she averred that she has maintained possession of the Property since 1987 and that Appellee fraudulently claims title pursuant to the 1990 deed. **See** Appellant's Br. at 15-16. Thus, Appellant challenges the trial court's decision to sustain Appellee's Preliminary Objections in the nature of a demurrer.

"Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." **Liberty Mut. Ins. Co. v. Domtar Paper Co.**, 77 A.3d 1282, 1285 (Pa. Super. 2013) (citation omitted). We review the trial court's decision for an error of law. **Id.** As this presents a purely legal question, the standard of our review is *de novo*. **Bruno v. Erie Ins. Co.**, 106 A.3d 48, 56 (Pa. 2014).

"Pennsylvania is a fact-pleading state[.]" **Foster v. UPMC S. Side Hosp.**, 2 A.3d 655, 666 (Pa. Super. 2010) (citation omitted). To be legally

---

[3] Appellant's presentation of the issues has somewhat hindered our review. The headings to Appellant's Argument do not correspond to the issues preserved in her Statement of Questions involved. **See** Appellant's Br. at 3-4, 13, 17, 19. We, therefore, admonish Appellant to conform to our Rules of Appellate Procedure in the future. Pa.R.A.P. 2101, 2116, 2119.

sufficient, "a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." *Feingold v. Hendrzak*, 15 A.3d 937, 942 (Pa. Super. 2011) (citation omitted).

"Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Id.* at 941 (citation omitted).

In reviewing the propriety of the court's grant of preliminary objections in the nature of a demurrer, we apply the same standard as the trial court, which must resolve the objections "solely on the basis of the pleadings[.]" *Hill v. Ofalt*, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted). "All material facts set forth in the pleading[s] and all inferences reasonably deducible therefrom must be admitted as true." *Id.* (citation omitted). "[N]o . . . evidence outside the complaint may be adduced and the court may not address the merits of matters represented in the complaint." *In re Adoption of S.P.T.*, 783 A.2d 779, 782 (Pa. Super. 2001).

In this case, Appellant asserts a claim to quiet title pursuant to Pennsylvania Rule of Civil Procedure 1061(b)(1), whereby a successful plaintiff in possession of property may "compel an adverse party to commence an action of ejectment[.]" Pa.R.C.P. 1061(b)(1). To prevail, a plaintiff must prove three elements: "that [she] is in possession [of the property], that the

defendant is out of possession, and that there is a dispute [between the parties] as to the title of land . . . in question." ***Seven Springs Farm, Inc. v. King***, 344 A.2d 641, 644 (Pa. Super. 1975) (citation omitted).[4]  If successful, the trial court may grant the plaintiff relief by ordering the defendant to commence ejectment proceedings within thirty days or "be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the plaintiff[.]" Pa.R.C.P. 1066(b)(1).

Here, the trial court sustained Appellee's demurrer based on the following observation:

> [T]he record failed to show who is in actual possession of the Property. . . . Possession does not require occupancy.  It does, however, require dominion over the Property.  The only proffered evidence of control is that [Appellant] has maintained a trailer on the Property since 1987, initially living there and later renting it out to others.

Trial Ct. Op., 2/30/20, at 6-7.

As noted above, the trial court need only consider whether Appellant **pleaded** a possessory interest.  At the preliminary objection stage of the litigation, the trial court must accept as true a plaintiff's well-pleaded averments. Thus, the trial court's criticism that Appellant has proffered insufficient "evidence" that she has exerted dominion over the Property is premature and an erroneous basis upon which to ground a demurrer.

---

[4] The underlying merits of the parties' competing claims to title are not resolved in an action brought under this Rule but are deferred until the ejectment proceedings.  ***See id.***

Following our *de novo* review of Appellant's Amended Complaint, we conclude that Appellant has sufficiently pleaded her continuous possession of the Property for more than thirty years, first as a resident and later as a lessor. ***See*** Amended Complaint, 10/4/19, ¶¶ 6-9, 36. Further, it is reasonable to infer from these averments that Appellee is not in possession of the Property. Thus, we conclude that Appellant sufficiently pleaded two of the three requirements to state a quiet title claim pursuant to Rule 1061(b)(1).

However, in addition to the two possessory elements of Appellant's Rule 1061(b)(1) claim, she must also aver a **dispute as to title**, *i.e.*, that she has a competing ownership interest in the Property. She has not done so. Even if we accept as true—as we must—her pleadings that Appellee's ownership interest is flawed, Appellant pleads no countervailing ownership interest of her own.

In her arguments to this Court, Appellant ignores her obligation to plead a dispute as to title, asserting rather that she need only plead possession and a claim of title by the adverse party. ***See*** Appellant's Br. at 12. This is incorrect. As set forth above, our courts have long recognized three elements to the claim: a plaintiff in possession, a defendant out of possession, and competing claims to title in the disputed real estate. ***See, e.g.***, ***Fearl v. City of Johnstown***, 65 A. 549, 551 (Pa. 1907) (deferring consideration of "merits of the [parties'] respective titles"); ***Seven Springs Farm, Inc.***, 344 A.2d at 644 (noting plaintiff's claim to title arose "by virtue of a conveyance of an

adjoining parcel of land . . . or, alternatively, by virtue of adverse possession").

Mindful of this third requirement, it is noteworthy that in granting the Preliminary Objections filed against Appellant's original Complaint, the trial court dismissed with prejudice Appellant's claim of adverse possession, a claim to title. Appellant has not appealed that decision and, thus, abandoned that claim. Further, Appellant avers no factual or legal ground from which to conclude that, if the court were to grant Appellant's request to enforce the 1992 default judgment, thus returning the Property to Helma Gouker's estate, Appellant would thereby obtain an ownership interest in the Property.

Appellant makes no claim to title here, and this omission is fatal to her claim. Absent a claimed ownership interest in the Property, it is clear that Appellant cannot establish a dispute as to title. Therefore, although we disagree with the trial court's analysis, we also conclude that Appellant's claim to quiet title is legally insufficient and affirm the court's decision to dismiss Appellant's Amended Complaint with prejudice.[5, 6]

Order affirmed.

---

[5] We may affirm the trial court on any valid basis. ***Juszczyszyn v. Taiwo***, 113 A.3d 853, 858 n.5 (Pa. Super. 2015).

[6] The legal insufficiency of Appellant's claim is dispositive. Thus, we decline to address Appellant's remaining claims.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/2020