J-S20042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IDRIS ABDUS SABER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WELLS FARGO BANK, N.A. | : | No. 3069 EDA 2022 |

Appeal from the Order Entered August 15, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220502697

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 2, 2023**

Appellant Idris Abdus Saber appeals *pro se* from the Order entered by the Philadelphia Court of Common Pleas on August 15, 2022, which, in relevant part, sustained Appellee Wells Fargo Bank, N.A.'s Preliminary Objections to strike Appellant's Complaint seeking to quiet title to 147 Harvey Street in Philadelphia ("the Property").  After careful review, we affirm the Order.

The sparse factual recitation set forth below is gleaned from Appellant's Complaint and other *pro se* filings in this case, which the trial court aptly described as demonstrating "a fundamental misunderstanding of civil procedure" and involving several fraudulent filings.  Tr. Ct. Opinion, 12/1/22, at 4.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In April 2014, Appellant received a $282,112.00 loan from Quaint Oak Mortgage, LLC, secured by a note and mortgage on the Property ("the Note"). Quaint Oak Mortgage assigned the Note to Appellee in August 2014. Appellant does not deny that in 2015 Appellee commenced a mortgage foreclosure action ("Foreclosure Action") and that a court entered judgment in favor of Appellee in October 2016.[1]

Following the foreclosure judgment, a Mortgage Satisfaction Piece declaring that Appellant satisfied the Note was recorded in Philadelphia in March 2018, allegedly executed by Appellee's employee. A court struck the Mortgage Satisfaction Piece as fraudulent.[2]

Following the Foreclosure Action and the court's striking the Mortgage Satisfaction Piece as fraudulent, several deeds relating to the Property were recorded in Philadelphia County. Notably, none of these deeds involved a transfer to Appellant.

_____

[1] Appellant did not reference the Foreclosure Action in his Complaint. However, in response to Appellee's Preliminary Objections, Appellant stated that the averments addressing the Foreclosure Action "purport[ed] to summarize facts that are on record" and baldly asserted that the Foreclosure Action was "irrelevant to the matter at hand." [Appellant's] Reply to [Appellee's] Preliminary Objections and Brief in Support Thereof, 7/20/22, at 4, 12. Appellant has not included documents related to the Foreclosure Action in the certified record forwarded to this Court.

[2] Appellee and the trial court cite a May 9, 2019 Order striking the Mortgage Satisfaction Piece as fraudulent, which is not included in the record before this Court. Tr. Ct. Op. at 3, 6. Appellant does not deny the existence of the order striking the document but instead asserts that it was a "single-sided conclusion determined by default, not on the merits." Appellant's Br. at 14 n.2 He does not suggest that he was prevented from litigating this issue.

On May 31, 2022, Appellant filed *pro se* a complaint against Appellee seeking to quiet title to the Property. Relying on the fraudulent Mortgage Satisfaction Piece to support his claim, Appellant sought to strike the deeds set forth above, stating that those documents had been recorded after the Mortgage Satisfaction Piece. He requested an order directing that the records of the Philadelphia County Recorder of Deeds reflect only the Mortgage Satisfaction Piece. As relevant to his argument on appeal, Appellant also asserted that he had possession of the Note.[3]

On June 29, 2022, Appellee filed Preliminary Objections in the nature of a demurrer, seeking dismissal of the Complaint on two grounds: (1) asserting *res judicata* and collateral estoppel based upon the Foreclosure Action, and (2) asserting that Appellant based his Complaint on the fraudulent Mortgage Satisfaction Piece. Appellee claimed that "[s]ince the commencement of the Foreclosure Action in 2015, [Appellant] has filed everything imaginable to frustrate and delay the disposition of the foreclosure." Preliminary Objections, 6/29/22, at ¶ 6. Appellee requested that the court declare Appellant to be a vexatious litigant, sanction him, and bar him from filing further cases in Pennsylvania courts regarding the Property.

On August 15, 2022, the court entered an order sustaining both of Appellee's Preliminary Objections. The court additionally barred Appellant

---

[3] Appellant attached the Mortgage Satisfaction Piece and the Note to his Complaint. The attached Note included an endorsement of the Note to Appellant signed by Appellant. Compl., 5/31/22, Exh. A.

from bringing any future claims against Appellee relating to the Property but denied Appellee's request for attorney fees.[4]

Appellant filed a Notice of Appeal on September 9, 2022. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions on appeal:

1. Did the trial court commit an error of law in striking the Appellant[']s complaint to quiet title strictly based on a foreclosure matter?

2. In an action to quiet title does the Court have the power to determine the legal force of a negotiable instrument per 13 Pa.C.S. [§ 3104(d)]?

3. In considering a preliminary objection in the nature of a demurrer, can the trial court consider arguments the objecting defendants did not raise or would not have standing to raise?

Appellant's Br. at 5.[5]

**A.**

In sustaining Appellee's Preliminary Objections, the trial court concluded that Appellant's Complaint was legally insufficient, pursuant to Pa.R.Civ.P. 1028(a)(4). The question of whether a complaint is legally insufficient

---

[4] The court relied upon the Rules of Civil Procedure governing vexatious litigation. Tr. Ct. Op., at 7; *see* Pa.R.Civ.P. 233.1(c) (providing that "the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.").

[5] Appellant did not include his second and third questions in his Rule 1925(b) Statement. Accordingly, we find these issues waived. Pa.R.A.P. 1925(b)(4)(vii).

involves a pure question of law, such that our standard of review is *de novo*. ***Catanzaro v. Pennell***, 238 A.3d 504, 507 (Pa. Super. 2020).

In ruling on preliminary objections in the nature of a demurrer, trial courts "accept as true all well-pleaded allegations of material fact and all reasonable inferences deducible from those facts and resolve all doubt in favor of the non-moving party." ***Palmiter v. Commonwealth Health Sys., Inc.***, 260 A.3d 967, 970 (Pa. Super. 2021) (internal citation and quotation marks omitted). Appellate courts "apply the same standard as the trial court in evaluating the legal sufficiency of the complaint, and examine whether, on the facts averred, the law says with certainty that no recovery is possible." ***Id.*** at 971.

In this case, Appellant's complaint sought to quiet title to the Property under Pa.R.Civ.P. 1061. In quiet title actions, the plaintiff has "the burden of proving a *prima facie* title, which proof is sufficient until a better title is shown in the adverse party." ***Poffenberger v. Goldstein***, 776 A.2d 1037, 1041 (Pa. Cmwlth. 2001) (internal citation omitted).

**B.**

Appellant asks this Court to reverse the trial court, overrule Appellant's Preliminary Objections, and grant Appellant quiet title. Appellant's Br. at 23-

24. Appellant, however, fails to present this Court with a coherent legal argument that the trial court erred.[6]

After careful review of the record and the filings in this Court, we agree with the trial court that Appellant's quiet title action, which he premised upon the Mortgage Satisfaction Piece, cannot stand in light of the order striking that document as fraudulent. As the trial court explained, "[s]ince Appellant relied upon a document that he knew was not valid, his Complaint is not well-pleaded, and he failed to establish a *prima facie* title." Tr. Ct. Op. at 7. Accordingly, we affirm the order sustaining Appellee's Preliminary Objections based upon the legal insufficiency of Appellant's Complaint pursuant to Pa.R.Civ.P. 1028(a)(4).[7]

Order Affirmed.

---

[6] For example, Appellant now argues that the Mortgage Satisfaction Piece was not the basis of his quiet title action, which he contends relied on the possession of "the Property[,]" which he confusingly defines as the Note. Appellant's Br. at 8, 13-14. The Complaint belies this assertion.

[7] Given this conclusion, we need not address the trial court's alternative determination that Appellant's Complaint is barred by the doctrines of *res judicata* and collateral estoppel. We emphasize that the trial court's order barring Appellant from bringing additional claims relating to the Property remains in force.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/2/2023