J-A05002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BARRY L. KATZ ON BEHALF OF HIMSELF AND HIS IRA ENTITLED EQUITY TRUST CO CUST FBO BARRY L. KATZ IRA AND SMART WAY AMERICA REALTY | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : : | No. 2433 EDA 2023 |
| VIVIAN SCAMORDELLA, REMAX AT YOUR SERVICE AND JEAN KAYE | : : | |

Appeal from the Order Entered September 1, 2023
In the Court of Common Pleas of Monroe County Civil Division at No(s):
001339-CV-2023

BEFORE:  DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 17, 2024**

Appellants, Barry L. Katz, o/b/o Himself and His IRA Entitle Equity Trust Co Cust FBO Barry L. Katz IRA ("Mr. Katz") and Smart Way America Realty (collectively "Appellants"), appeal from the September 1, 2023, order sustaining the preliminary objections filed by Appellees Vivian Scamordella ("Ms. Scamordella"), Remax at Your Service ("Remax"), and Jean Kaye ("Ms. Kaye") (collectively, "Appellees"), in this action for specific performance to enforce a real estate purchase agreement.  After careful review, we reverse and remand with instructions.

**A.**

On June 15, 2023, Appellants filed an amended complaint raising claims of Breach of Contract, Promissory Estoppel, Fraud, Misrepresentation and Unjust Enrichment based on the following allegations.[1] Sometime prior to February 4, 2023, Appellees listed for sale the property located at 129 Nakora Drive in Blakeslee, Monroe County (the "Property"). The Property listing included the washer and dryer as part of the sale. On February 4, 2023, Appellants submitted an offer to Appellees to purchase the Property for $240,000.

Appellees' agent, Ms. Kaye, acknowledged receiving the offer on February 4, 2023. On February 5, 2023, Appellants' agent, Rosien Inman ("Ms. Inman"), sent a text message to Ms. Kaye requesting that Ms. Kaye inform her if Appellees received another offer to purchase the Property.

Ms. Kaye subsequently represented, allegedly falsely and misleadingly, that Appellees had received three other offers to purchase the Property. Consequently, in reliance on these allegedly false and misleading representations, on February 6, 2023, Appellants submitted a new offer to purchase the Property for $250,000 and included an escalation clause offering to beat any legitimate competing offer by $1,000.

_____

[1] "In reviewing the propriety of the court's grant of preliminary objections in the nature of a demurrer, we apply the same standard as the trial court, which must resolve the objections solely on basis of the pleadings." **Catanzaro v. Pennell**, 238 A.3d 504, 507-08 (Pa. Super. 2020) (citation omitted). In conducting our review, we accept as true "[a]ll material facts set forth in the pleadings and all inferences reasonably deducible therefrom[.]" **Id.** at 508 (citation omitted).

On February 7, 2023, Ms. Kaye informed Ms. Inman that Appellees accepted Appellants' offer to purchase the Property. Ms. Kaye further informed Ms. Inman that Appellees had another offer for $250,000, which triggered the escalation clause, resulting in a purchase price of $251,000. However, Ms. Inman reviewed the other purported offer, and found that it omitted critical information. When Ms. Inman informed Ms. Kaye of the critical deficiencies, Appellees agreed not to trigger the escalation clause and to accept Appellants' $250,000 offer.

On February 8, 2023, Ms. Kaye sent Ms. Inman a Cooperating Broker Compensation Agreement signed by Ms. Kaye evidencing and acknowledging that an Agreement of Sale ("AOS") for the Property existed and was final. The next day, Appellees sent Ms. Inman a signed AOS dated February 8, 2023, appended to an email which stated, in relevant part, "Attached please find the executed contract along with the dates[.]" Amended Complaint, 6/15/23, at ¶ 25 (citing Kaye Email, 2/9/23). The email highlighted the following actions and dates as set forth in the fully executed AOS as relevant to the completion of the sale: (1) executed contract date: 2/8/2023; (2) contract to title: 2/15/2023; (4) earnest money deposit due: 2/13/2023; and (4) inspection contingency due: 2/18/2023.

On February 9, 2023, Appellants sent to Appellees the earnest money of $1,000. On February 11, 2023, Appellees acknowledged receipt of the earnest money and deposited the funds into a Remax account pursuant to the terms of the AOS. As required by the AOS, Appellants arranged and paid for

an inspection of the Property, which took place on the February 11, 2023, and submitted the fully executed AOS to its title company prior to February 15, 2023.

Appellants alleged that, on February 16, 2023, Appellees attempted to alter and amend the AOS by asking Appellants to agree to certain "immaterial changes," including excluding from the sale the washer and dryer, and a "lift." Appellants indicated that, because these items had not been excluded from the Property listing, they would only agree to the removal of these items from the Property if Appellees reduced the sale price by $3,000. That same day, Ms. Kaye informed Ms. Inman that the "lift" was personal property and, therefore, did not have to be excluded in the listing or the AOS, but acknowledged that the washer and dryer were not excluded in the listing.

The following day, on February 17, 2023, Remax informed Ms. Inman that there was no valid AOS between the parties because Appellees' February 16, 2023 effort to retain ownership of the washer, dryer, and "lift" constituted a counteroffer, which Appellants had refused.

Appellants maintained that Appellees had, therefore, anticipatorily breached the AOS and alleged in their amended complaint that, to date, Appellees have refused to close on the sale of the Property as required by the AOS. Appellants further alleged that, at all relevant times, Ms. Scamordella has been using the Property to generate rental income.

Appellants attached a copy of the AOS, dated February 8, 2023, initialed and signed by Ms. Scamordella and Equity Trust Co Cust FBO Barry L. Katz, to their amended complaint.

**B.**

On July 21, 2023, Appellees filed preliminary objections to each count of the amended complaint except the Unjust Enrichment claim. Appellees asserted that Appellants failed to plead any facts supporting the existence of a contract between the parties because Appellants concede they did not accept Appellees' proposed changes to the AOS. They further asserted that the AOS attached to the amended complaint did not support Appellants' claim that a contract existed because Appellants did not initial and accept their proposed changes. Appellees also asserted that Appellants failed to plead a cognizable claim for promissory estoppel, and that Appellants are not entitled to damages for any alleged fraud or misrepresentation because of Mr. Katz's "intelligence, experience, and opportunity for ascertaining the real truth[.]" Preliminary Objections, 7/21/23, at ¶¶ 24, 28.

Appellants filed a brief in opposition to the preliminary objections summarizing the allegations in the amended complaint as pleading: (1) the existence of an executed AOS; (2) Appellees' course of conduct established the existence of the AOS; (3) Appellees' engagement in fraud and misrepresentation in the course of their dealings with Appellants; and (4) Appellees' unjust enrichment as a result of their conduct. Accordingly,

Appellants maintained that the allegations in their amended complaint set forth a valid cause of action for each claim raised.

**C.**

On September 1, 2023, the trial court entered an order sustaining Appellees' preliminary objections and dismissing Appellants' amended complaint. The court concluded that the facts alleged by Appellants did not establish the elements of fraud, promissory estoppel, or breach of contract. It also concluded that the AOS attached to the amended complaint was not a signed agreement as Appellants asserted, but rather a counteroffer in which Ms. Scamordella proposed excluding the washer and dryer and changing the settlement date, and which Appellants had not accepted.

This appeal followed.

**D.**

Appellants raise the following issue for our review:

> Whether the lower court committed an error of law in [sustaining] the [p]reliminary [o]bjections to the [a]mended [c]omplaint, all premised upon [d]emurrer[?]

Appellants' Brief at 3.

**E.**

Appellants challenge the trial court's order sustaining Appellees' preliminary objections in the nature of a demurrer, pursuant to Pa.R.Civ.P.

1028(a)(4).[2] "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." *Catanzaro v. Pennell*, 238 A.3d 504, 507 (Pa. Super. 2020) (citation omitted). The trial court must resolve preliminary objections "solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered[.]" *Hill v. Ofalt*, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted). The court must admit as true all material facts set forth in Appellant's pleadings and all reasonably deducible inferences. *Id.* Finally, preliminary objections seeking dismissal of a cause of action "should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Catanzaro*, 238 A.3d at 507 (citation omitted).

"In reviewing the propriety of the court's grant of preliminary objections in the nature of a demurrer, [appellate courts] apply the same standard as the trial court[.]" *Id.* (citation omitted). As the question involves a pure question of law regarding the legal sufficiency of the complaint, our standard of review is *de novo*. *Id.*

**E.**

Appellants assert that the trial court erred in sustaining Appellees' preliminary objections and dismissing the amended complaint. In support of

---

[2] Pa.R.Civ.P. 1028(a)(4) provides: "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . legal insufficiency of a pleading (demurrer)[.]"

this allegation of error, Appellants argue that, with respect to each of Appellants' claims, the trial court "made various assumptions and inferences in favor of [Appellees.]" Appellants' Brief at 16. We address the dismissal of each of the counts of the amended complaint *seriatim*.

## Breach of Contract

Appellants argue that the trial court erred in dismissing their breach of contract claim after concluding that there was no AOS between the parties because Appellees had extended a counteroffer to Appellants, which Appellants did not accept. *Id.* at 16. Following our review of the amended complaint, however, we observe that Appellants did not allege that Appellees had made a counteroffer; in fact, Appellants alleged the opposite. *Id.* at 16-17. Thus, our review indicates that, in reaching its conclusion, the trial court improperly relied on the averments in Appellees' preliminary objections and made an impermissible inference in Appellees' favor.

Our review of Appellants' amended complaint further indicates that Appellants set forth allegations that, if proven, would establish each of the elements of a breach of contract claim. *See Linde v. Linde*, 210 A.3d 1083, 1090 (Pa. Super. 2019) (citation omitted) (explaining that the elements of a breach of contract claim are "(1) the existence of a contract, including its essential terms; (2) a breach of the contract; and (3) resultant damages."). We, thus, conclude that the trial court erred as a matter of law in considering evidence and allegations outside of the amended complaint when ruling on Appellees' preliminary objection to the breach of contract claim.

**Promissory Estoppel**

With respect to the promissory estoppel claim, Appellants assert that the trial court erred in dismissing the claim solely on its finding that there had been no meeting of the minds, when that is not an element of a promissory estoppel claim. Appellants' Brief at 30-31.

In order to establish a promissory estoppel action, a plaintiff must allege the following elements: "(1) the promisor made a promise that [it] should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." ***Sullivan v. Chartwell Inv. Partners, LP***, 873 A.2d 710, 717–18 (Pa. Super. 2005); ***see also*** Restatement (Second) of Contracts, § 90.

Here, Appellants pleaded that they relied on Appellees' representations and promises, including: the representation in an email that there was a fully executed AOS; the email setting forth the timeline pursuant to the AOS; requesting, receiving, and depositing the earnest money; permitting Appellants to inspect the Property in accordance with the AOS; and executing and sending to Ms. Inman the cooperating broker agreement. Amended Complaint at ¶ 60. Appellants further pleaded that Appellees made these representations and took these actions with the intent to cause Appellants to take the actions required by the AOS. ***Id.*** Appellants asserted that in reasonable reliance on Appellees' representations and actions, Appellants paid

the earnest money deposit; arranged and paid for the Property inspection; adhered to the timeline set forth in the AOS and cover email; arranged for a title company to conduct a title search; and refrained from searching for another suitable property for purchase to Appellants' detriment. *Id.* at ¶¶ 61, 63. Last, Appellants pleaded that due to the unique nature of the Property, Appellants are entitled to specifically enforce the AOS and the court should compel Appellees to sell the property pursuant to the AOS. *Id.* at ¶ 64.

Following our *de novo* review, we conclude that Appellants pleaded sufficient facts that, if proven, would entitle Appellants to the relief requested. Accordingly, the trial court erred in finding that, as pleaded, Appellants' promissory estoppel claim was legally insufficient and in dismissing Appellants' promissory estoppel claim.

**Fraud and Misrepresentation**

With respect to the dismissal of the fraud and misrepresentation claims, Appellants assert that the court erred in finding their pleading legally insufficient based on its conclusion that there was no meeting of the minds between the parties and because Appellants did not allege reliance. Appellants' Brief at 33. Appellants argue that, contrary to the trial court's reasoning, these claims do not require pleading a meeting of the minds. *Id.* They also assert that they pleaded each of the required elements of the fraud and misrepresentation claims, and, in particular, at paragraphs 69 and 75 of the amended complaint, they averred that they relied on Appellees' statements and actions to their detriment. *Id.*

A plaintiff asserting a claim for fraud and/or misrepresentation must plead and prove by a preponderance of the evidence the following: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Marion v. Bryn Mawr Trust Co.*, 288 A.3d 76, 87 (Pa. 2023) (citation omitted); *Ira G. Steffy & Son, Inc. v. Citizens Bank of PA*, 7 A.3d 278, 290 (Pa. Super. 2010).

Following our review of the averments set forth in Appellants' amended complaint as recounted above, we conclude that Appellants alleged sufficient facts, that, if proven, would entitle them to relief on their fraud and misrepresentation claims. The trial court, therefore, erred as a matter of law in dismissing these claims.

### Unjust Enrichment

Appellants argue that the trial court erred in dismissing their unjust enrichment claim when Appellees did not file a preliminary objection with respect to that claim. Appellants' Brief at 38-39. Appellees agree that the trial court acted in error. Appellees' Brief at 12-13.

A trial court may not dismiss a claim at the preliminary objection stage of litigation without a demurrer or other suitable preliminary objection having been filed by the defendant. *Perrige v. Horning*, 654 A.2d 1183, 1188-89 (Pa. Super. 1995).

- 11 -

In light of the above case law, we reverse the trial court's dismissal of Appellant's unjust enrichment claim.

**F.**

In sum, we agree with Appellants that the trial court erred in dismissing each of the claims set forth in their amended complaint. Accordingly, we reverse and remand for reinstatement of Appellants' amended complaint.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date:  <u>4/17/2024</u>