J-A20033-24

2024 PA Super 307

| JOHN J. O'BRIEN III | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTA K. BEATTY | : | No. 2969 EDA 2023 |

Appeal from the Order Entered November 1, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2023-16625

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

OPINION PER CURIAM:                                    **FILED DECEMBER 20, 2024**

The issue in this appeal is whether counsel for the Office of Disciplinary Counsel ("ODC") who prosecutes a lawyer through the disciplinary process is immune from a civil action that the prosecuted lawyer subsequently files against the disciplinary counsel.  We hold that disciplinary counsel is immune from a civil action when the lawyer's allegations are based on disciplinary counsel's conduct during the disciplinary proceedings.

In this case, Appellant, John J. O'Brien, Esq. filed a civil action against Appellee, Krista Beatty, Esq. ("Disciplinary Counsel Beatty") based on allegations about her conduct during his disciplinary proceedings.  The trial court sustained Disciplinary Counsel Beatty's preliminary objections and dismissed the complaint.  Appellant appealed.  After careful review, we affirm.

We glean the relevant factual and procedural history from the trial court opinion.  In September 2020, the ODC initiated disciplinary proceedings

against Appellant and assigned Disciplinary Counsel Beatty to prosecute Appellant. In November 2023, a Hearing Committee found that Appellant had violated the Rules of Professional Conduct relating to his responsibility to hold client funds in his IOLTA account. At the hearing, Disciplinary Counsel Beatty requested a sanction of suspension from the practice of law for a year and a day, which, following the submission of briefs, the Hearing Committee ultimately recommended. The Disciplinary Board of the Supreme Court of Pennsylvania ("Disciplinary Board") reviewed the recommendation and increased the sanction to a two-year suspension. On July 27, 2021, the Supreme Court of Pennsylvania issued a final decision, adopting the recommendation of the Disciplinary Board.[1]

On July 19, 2023, Appellant *pro se* instituted this civil action, seeking monetary damages against Disciplinary Counsel Beatty. Appellant does not dispute that his claim is based on allegations about Disciplinary Counsel Beatty's conduct during the disciplinary proceedings but claims that Disciplinary Counsel Beatty "waived her immunity" because she presented false evidence against him during the disciplinary proceedings and engaged in *ex parte* communications with the Hearing Committee to seek an increased penalty for Appellant. Complaint, 1/10/24, at ¶¶ 27, 37, 38.

_____

[1] Disciplinary proceedings against lawyers in Pennsylvania begin with a hearing before a hearing committee which issues a recommended decision. Pa.R.D.E. 208(b); (c). The Disciplinary Board then may affirm or change the recommendation, following briefing and oral argument, if requested. *Id.* at (d)(1)-(2). The Supreme Court then conducts a *de novo* review of the Board's recommendation and issues a final decision. *Id.* at (d)(2)(iii), (e).

On August 30, 2023, Disciplinary Counsel Beatty filed preliminary objections asserting prosecutorial, quasi-judicial, sovereign, and high public official immunities. Appellee's Preliminary Objections, 8/30/23, at ¶ 11. She also asserted that Appellant's action is barred by the two-year statute of limitations for fraud set forth in 42 Pa.C.S. § 5524(7). **Id.** Appellant then filed preliminary objections in response, in which he argued, *inter alia,* that Disciplinary Counsel Beatty was not entitled to immunity from his lawsuit. **See** Preliminary Objections, 9/12/23, at 4, 6-7.

The trial court concluded that Disciplinary Counsel Beatty was entitled to high public official immunity. Accordingly, on November 1, 2023, the trial court overruled Appellant's preliminary objections to Disciplinary Counsel Beatty's preliminary objections, sustained Disciplinary Counsel Beatty's preliminary objections, and dismissed the complaint with prejudice.

Appellant filed an appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. It is an error of law to apply absolute immunity to a rogue counsel for the Board who engages in fabrication of evidence and lies to two panels.

2. It is an error of law to ignore the violation of due process when [Disciplinary Counsel Beatty] encouraged a panel to increase the penalty with no notice and hearing.

3. It is an error of law not to allow the fact finder to address the admitted misconduct of [Disciplinary Counsel Beatty].

Appellant's Br. at 2.

- 3 -

Appellant first challenges the trial court's order sustaining Disciplinary Counsel Beatty's preliminary objections in the nature of a demurrer filed pursuant to Pa.R.Civ.P. 1028(a)(4).[2] "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." ***Catanzaro v. Pennell***, 238 A.3d 504, 507 (Pa. Super. 2020) (citation omitted). The trial court must resolve preliminary objections "solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered[.]" ***Hill v. Ofalt***, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted). The court must accept as true all material facts set forth in Appellant's pleadings and all reasonable inferences. ***See id.*** Finally, preliminary objections seeking dismissal of a cause of action "should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." ***Catanzaro***, 238 A.3d at 507 (citation omitted).

---

[2] Rule 1028(a)(4) provides: "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . legal insufficiency of a pleading (demurrer)[.]" Pa.R.Civ.P. 1028(a)(4). A defendant generally raises immunity defenses in an Answer and New Matter, but if she raises an immunity defense in preliminary objections, and the plaintiff does not object, then the court may address the immunity defense. ***See Pollina v. Dishong***, 98 A.3d 613, 617 n.3 (Pa. Super. 2014) (recognizing that, under Pa.R.C.P. 1030(a), immunity should be plead as new matter rather than as preliminary objections but holding that "the failure of the opposing party to object to the defective preliminary objections waives the procedural defect and allows the trial court to rule on the preliminary objections"). Appellant's failure to object to this procedural defect in his preliminary objections waived this claim and permitted the court to rule on Disciplinary Counsel Beatty's preliminary objections.

"In reviewing the propriety of the court's grant of preliminary objections in the nature of a demurrer, [appellate courts] apply the same standard as the trial court[.]" *Id.* As the question involves a pure question of law regarding the legal sufficiency of the complaint, our standard of review is *de novo*. *See id.*

\*

Appellant asserts that the trial court erred in sustaining Disciplinary Counsel Beatty's preliminary objections because there were factual issues as to whether Disciplinary Counsel Beatty should be granted high public official immunity when she lacks policy-making authority and "it was an error of law to conclude without evidence and a violation of due process to find that [Disciplinary Counsel Beatty] makes policy." Appellant's Br. at 4. We reject these arguments as meritless.

We first note that Rule 209(b) of Pennsylvania Rules of Disciplinary Enforcement ("Rule 209(b)") provides immunity to disciplinary counsel from civil suits. Specifically, it provides that "[m]embers of the Board, members of hearing committees, special masters, **Disciplinary Counsel** and staff **shall be immune from civil suit for any conduct in the course of their official duties**." Pa.R.D.E. 209(b) (emphasis added). Since Appellant's claims are based on Disciplinary Counsel Beatty's actions when prosecuting Appellant during the disciplinary proceedings, Rule 209(b) grants Disciplinary Counsel Beatty immunity from Appellant's claims and the trial court properly sustained

Disciplinary Counsel Beatty's preliminary objections and dismissed the complaint with prejudice.[3]

*

We also note that the doctrine of high public official immunity, as set forth in **Durham v. McElynn**, 772 A.2d 68, 69-70 (Pa. 2001), grants Disciplinary Counsel Beatty immunity from Appellant's claims. In **Durham**, our Supreme Court explained that "high public officials are immune from suits seeking damages for actions taken or statements made in the course of their official duties." 772 A.2d at 69. The standard for determining who qualifies as a high public official "focus[es] on the nature of the duties of the particular public officer, the importance of his office, and whether or not he has policy-making functions." **Id.**

The Supreme Court also noted that an official's policy-making function is not the sole factor in determining whether an individual is entitled to immunity from civil suits. **Id.** at 70. Rather, the Supreme Court found that "it is the public interest in seeing that the official not be impeded in the performance of important duties that is pivotal." **Id.** Accordingly, the Supreme Court extended high public official immunity to assistant district attorneys ("ADAs") who, despite lacking a policy-making function, "are

---

[3] Although the trial court did not rely on Rule 209(b), we "may affirm a trial court's ruling on any basis supported by the record on appeal." **Lynn v. Nationwide Ins. Co.**, 70 A.3d 814, 823 (Pa. Super. 2013).

essential to district attorneys in fulfilling responsibilities of their high public offices, to wit, in carrying out the prosecutorial function." *Id.*

The Supreme Court also addressed the scope of conduct of a high public official that is immune from a civil suit. "In Pennsylvania, high public official immunity is a long-standing category of common law immunity that acts as an absolute bar to protect high public officials from lawsuits arising out of actions taken in the course of their official duties and within the scope of their authority." *Doe v. Franklin County*, 174 A.3d 593, 603 (Pa. 2017). Furthermore, the Supreme Court has cited with approval the cases that provided high public officials with absolute immunity, which is "unlimited" and extends to "all civil suits for damages arising [from] false defamatory statements" and for "statements or actions motivated by malice, **provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of [her] authority[.]**" *Durham*, 772 A.2d at 69 (emphasis in original)(quoting *Matson v. Margiotti*, 88 A.2d 802, 899–900 (Pa. 1952), *overruled on other grounds* by *Commonwealth v. Schab*, 383 A.2d 819 (Pa. 1978)); *see also Montgomery v. Philadelphia,* 140 A.2d 100, 103 (Pa. 1958) (Absolute immunity "remov[es] any inhibit[i]on which might deprive the public of the best service of its officers and agencies.").

In this case, the trial court concluded that Disciplinary Counsel Beatty was immune from Appellant's claims even though she does not hold a policy-making position by analogizing her position to that of an ADA. Trial Ct. Op.

at 3. We agree. Like an ADA, who fulfils the responsibilities of the District Attorney by prosecuting those who violate criminal statutes and protecting the public from such individuals, Disciplinary Counsel Beatty fulfils the responsibility of the ODC by prosecuting, and thus protecting the public from lawyers who violate the Code of Professional Responsibility. Accordingly, we extend the holding of **Durham** to grant high public official immunity to disciplinary counsel in the performance of their prosecutorial duties.

Finally, we address the scope of the conduct of the high public official that is immune from civil suit. Since we are reviewing the trial court's order to sustain Disciplinary Counsel Beatty's Preliminary Objections, we must accept Appellant's allegations about Disciplinary Counsel Beatty's conduct as true. In doing so, we find that the scope of the immunity covers Appellant's accusations of misconduct because Appellant bases the allegations on conduct that Disciplinary Counsel allegedly engaged in during her prosecution of Appellant's violations of the Code of Professional Responsibility. **Durham**, 772 A.2d at 69-70.

In particular, Appellant alleges that Disciplinary Counsel Beatty presented false evidence against him during the disciplinary proceedings and engaged in *ex parte* conversations with the Hearing Committee.[4] These

_____

[4] Although we treat the allegation as true that Disciplinary Counsel Beatty engaged in *ex parte* communication with the Hearing Committee in which she requested that the Hearing Committee increase his suspension to one year and one day, we note that Appellant supports this allegation in the Complaint
*(Footnote Continued Next Page)*

allegations are insufficient to deprive Disciplinary Counsel Beatty of immunity from Appellant's civil action because Appellant alleges that Disciplinary Counsel Beatty engaged in this conduct during the disciplinary proceedings.

In sum, we agree with the trial court's decision and conclude that both Rule 209(b) and the high public official immunity doctrine espoused in **Durham** grant immunity to Disciplinary Counsel Beatty from the Complaint because Appellant's claims concern Disciplinary Counsel Beatty's alleged conduct during the disciplinary proceedings against Appellant. Accordingly, we affirm the order sustaining Disciplinary Counsel Beatty's preliminary objections based upon the legal insufficiency of Appellant's complaint pursuant to Pa.R.Civ.P. 1028(a)(4).[5]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/20/2024

---

by attaching a portion of a transcript from the hearing. **See** Compl. at Ex. G. The transcript, however, demonstrates that Disciplinary Counsel Beatty requested this sanction at the hearing and does not even allude to an allegation that Disciplinary Counsel Beatty engaged an *ex parte* interaction with the members of the Hearing Committee. **Id.**

[5] In light of our disposition, we need not address Disciplinary Counsel Beatty's claim that the statute of limitations bars this action.