J-A01001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICHLANDTOWN ROAD, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROXY & HONEY, LLC | : | No. 1573 EDA 2024 |

Appeal from the Order Dated May 2, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 231101816

BEFORE: DUBOW, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 11, 2025**

Appellant, Richlandtown Road, LLC, appeals from the May 2, 2024 order entered in the Philadelphia County Court of Common Pleas sustaining the preliminary objections filed by Roxy & Honey, LLC ("Appellee"), and dismissing Appellant's second amended complaint with prejudice. After careful review, we reverse.

The relevant facts and procedural history are as follows. On October 22, 2021, Appellant, as landlord, and Appellee, as tenant, entered into a commercial lease with an initial 5 year-term. The lease required Appellee to pay base rent of $8,333.00 on the first day of each month and granted Appellee a 10-day grace period for making payments. The lease also required the payment of "additional rent," which included a "proportional share of the real estate taxes levied on the entire building," and to maintain and provide proof of insurance on the premises.

Following many months of nonpayment, on June 16, 2023, Appellant initiated a confession of judgment action in Philadelphia County. Appellee filed numerous petitions to strike the confessed judgment alleging that Appellee did not knowingly and voluntarily submit to the lease's warrant of attorney and/or confession of judgment provisions. The trial court struck the confessed judgment without prejudice to Appellant's right to pursue a breach of contract claim against Appellee in a new action.

On November 16, 2023, Appellant filed this new action raising breach of contract claims for violations of the lease. Appellant also sought a declaratory judgment that Appellee's non-payment resulted in termination of the lease and voided the renewal option. Following two sets of preliminary objections, Appellant filed a second amended complaint on March 18, 2024.

On April 8, 2024, Appellee again filed preliminary objections pursuant to Pa.R.Civ.P. 1028(a)(4).[1] In the preliminary objections, Appellee did not deny the existence of a valid lease between the parties or dispute that Appellant pleaded in the second amended complaint that Appellee breached the lease by, *inter alia*, failing to make payments as required by the lease and that Appellant suffered damages as a result of Appellee's non-payment. Instead, Appellee disputed Appellant's interpretation of the relevant lease provisions, including whether late fees are subject to compounding and

---

[1] Pa.R.Civ.P. 1028(a)(4) provides: "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . legal insufficiency of a pleading (demurrer)[.]"

whether the lease authorized rent acceleration. Appellee also claimed that Appellant had failed to state a claim upon that would entitle Appellant to relief because Appellee is currently up-do-date on all rent payments and late fees.

On May 2, 2024, the trial court sustained Appellee's preliminary objections and dismissed Appellant's second amended complaint with prejudice after finding the history of the case "troubling and demonstrable of bad faith and misuse of [the] court's time and jurisdiction." Trial Ct. Op., 5/2/24, at 1 n.1. As a result, the court "[took] a hard look at the contract provisions alleged to give rise to the claims here" and concluded that the lease did not provide the broad remedies that Appellant asserted. *Id.* Accordingly, the court determined that the second amended complaint failed to state a claim for relief.

This timely appeal followed.[2]

Appellant raises the following issues on appeal:

1. Whether the [t]rial court erred in sustaining Appellee's [p]reliminary [o]bjections and dismissing the [c]omplaint based on Appellant's reasonable interpretation of the commercial lease[?]

2. Whether the [t]rial [c]ourt committed an abuse of discretion when it took "judicial notice" of a disputed fact that Appellant's [a]ction in lawfully confessing judgment and executing thereupon in accordance with the Pennsylvania Rules of Civil Procedure was brought to delay and interfere with a separate action brought by Appellee in [the] Bucks County Court of Common Pleas?

_____

[2] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement and did not file a Rule 1925(a) opinion.

- 3 -

Appellant's Brief at 4 (reordered for ease of disposition).

Appellant challenges the trial court's order sustaining Appellee's preliminary objections in the nature of a demurrer pursuant to Rule 1028(a)(4). In particular, Appellant asserts that the trial court erred when it failed to apply the appropriate standard to its review of Appellee's preliminary objections. *Id.* at 19-26.

"Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." *Catanzaro v. Pennell*, 238 A.3d 504, 507 (Pa. Super. 2020) (citation omitted). The trial court must resolve preliminary objections "solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered[.]" *Hill v. Ofalt*, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted). The court must admit as true all material facts set forth in Appellant's pleadings and all reasonably deducible inferences. *Id.* Finally, preliminary objections seeking dismissal of a cause of action "should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Catanzaro*, 238 A.3d at 507 (citation omitted).

"In reviewing the propriety of the court's grant of preliminary objections in the nature of a demurrer, [appellate courts] apply the same standard as the trial court[.]" *Id.* As the question involves a pure question of law regarding the legal sufficiency of the complaint, our standard of review is *de novo*. *Id.*

To state a claim for breach of contract, a plaintiff must allege facts that, if proven, establish "(1) the existence of a contract, including its essential terms; (2) a breach of the contract; and (3) resultant damages." *Linde v. Linde*, 210 A.3d 1083, 1090 (Pa. Super. 2019) (citation omitted)

Here, Appellant alleged the existence of a lease between the parties and that Appellee breached the lease by failing to make payments due and to provide proof of insurance. Second Amended Complaint, 3/18/24, at ¶¶ 5, 18-37. It also asserted that it was entitled to payment of $248,550.95 plus attorneys' fees, late penalties, and interest and a declaration that the lease and the option to renew are void. *Id.* at ¶¶ 56, 64-72. Nevertheless, rather than accept the well-pleaded facts as true, in ruling on Appellee's preliminary objections, the trial court looked beyond the pleadings and considered evidence and allegations outside the second amended complaint. *See* Trial Ct. Op. at 1 n.1 (finding the history of the case "troubling and demonstrable of bad faith and misuse of [the] court's time and jurisdiction" and, after taking a "hard look at the contract provisions alleged to give rise to the claims here," concluding that the lease did not provide the broad remedies Appellant asserted). In doing so, the trial court erred as a matter of law.

Following our *de novo* review of Appellant's second amended complaint, we conclude that Appellant set forth allegations that, if proven, would establish each of the elements of a breach of contract claim. Accordingly, we

reverse and remand for reinstatement of Appellant's second amended complaint.[3]

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/11/2025

---

[3] In light of our disposition of this issue, we need not address Appellant's remaining issue.