J-E04001-24

2025 PA Super 277

| | | |
|---|---|---|
| ANTOINE POTEAT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY ASTEAK AND NINO V. TINARI | : | No. 729 EDA 2023 |

Appeal from the Order Entered February 7, 2023
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2022-C-02045

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., STABILE, J., DUBOW, J.,
KUNSELMAN, J., MURRAY, J., KING, J., SULLIVAN, J., and BECK, J.

OPINION BY DUBOW, J.:                    **FILED DECEMBER 11, 2025**

Appellant, Antoine Poteat, appeals from the February 7, 2023 order entered in the Lehigh County Court of Common Pleas that sustained the preliminary objections filed by Appellees, Gary Asteak, Esq., and Nino V. Tinari, Esq., and dismissed his complaint for breach of contract with prejudice. We reverse on two grounds. First, we find that the trial court erred in applying the gist of the action doctrine to dismiss this contract action, and second, we find that the trial court erred in determining that Mr. Poteat was required to identify a specific provision in the retainer agreement that imposed a duty on Appellees. Accordingly, we reverse.

We start by briefly reiterating the facts alleged in the complaint, which we accept as true at this stage of the proceedings, and against which we test the legal sufficiency of the breach of contract claim. Mr. Poteat entered into a retainer agreement with Appellees to provide legal services in a criminal

matter and paid them each $7,500.[1]  Following the criminal trial, the court convicted Mr. Poteat and sentenced him to five to ten years' incarceration. Mr. Poteat filed a Post Conviction Relief Act Petition, which the trial court granted on the grounds that Appellees provided ineffective representation of Mr. Poteat during the criminal proceedings.

Consequently, on September 19, 2022, Mr. Poteat filed a complaint against Appellees alleging that Appellees breached the retainer agreement by failing to provide competent legal services.  In the complaint, however, Mr. Poteat failed to allege that the retainer agreement included an explicit provision that Appellees would provide competent legal services.

Appellees filed preliminary objections in the nature of a demurrer, averring that Mr. Poteat's breach of contract claim was legally insufficient based on the gist of the action doctrine.  Appellees argued that Mr. Poteat's claim sounded in tort, namely negligence, and since Mr. Poteat's claim was only one in negligence, the statute of limitations barred the claim.  Appellees further argued that the complaint was legally insufficient because it failed to allege a breach of a specific executory promise in the retainer agreement.  Mr. Poteat filed a response asserting that a breach of a specific contractual term was unnecessary and general assertions of a breach of duty are sufficient.

---

[1] Neither retainer agreement appears in the record and their absence was not raised in Appellees' preliminary objections.

On February 7, 2023, the trial court sustained Appellees' preliminary objections by recasting Mr. Poteat's breach of contract claim as a tort claim, concluding that the statute of limitations barred the tort claim,[2] and dismissing the complaint with prejudice.

Mr. Poteat appealed and raises the following issue for our review: "Whether the trial court properly granted preliminary objections after converting the plaintiff's breach of contract claim into a tort claim pursuant to the gist of the action doctrine."  Appellant's Br. at 2.

In sustaining Appellees' preliminary objections in the nature of a demurrer, the trial court concluded that Mr. Poteat's complaint was legally insufficient pursuant to Pa.R.Civ.P. 1028(a)(4).  The question of whether a complaint is legally insufficient involves a pure question of law, such that our standard of review is *de novo*.  **Catanzaro v. Pennell**, 238 A.3d 504, 507 (Pa. Super. 2020).

A trial court must resolve preliminary objections "solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may

---

[2] An action sounding in tort is subject to a two-year statute of limitations, while a breach of contract claim is subject to a four-year statute of limitations. **See** 42 Pa.C.S. §§ 5524 and 5525.  We further note that "in determining which limitation period will control, it is necessary to determine the nature of the damages sought to be recovered."  **Swatt v. Nottingham**, -- A.3d.--, 2025 WL 1821998, *20 (Pa. Super. filed July 2, 2025) (citations, quotation marks, and emphasis omitted).  As such, if a plaintiff seeks damages for personal injuries, a two-year statute of limitations applies, but if a plaintiff seeks economic damages from the breach of a contract, a four-year statute of limitations applies.  **Id.**  In this case, Mr. Poteat would only be entitled to economic damages.

be considered[.]" *Hill v. Ofalt*, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted). In ruling on preliminary objections in the nature of a demurrer, the trial court must "accept as true all well-pleaded allegations of material fact and all reasonable inferences deducible from those facts and resolve all doubt in favor of the non-moving party." *Palmiter v. Commonwealth Health Sys., Inc.*, 260 A.3d 967, 970 (Pa. Super. 2021) (citation and quotation marks omitted). Moreover, preliminary objections seeking dismissal of a cause of action "should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Catanzaro*, 238 A.3d at 507 (citation omitted). Appellate courts "apply the same standard as the trial court in evaluating the legal sufficiency of the complaint, and examine whether, on the facts averred, the law says with certainty that no recovery is possible." *Palmiter*, 260 A.3d at 971.

**Gist of the Action Doctrine Claim**

Recently, an *en banc* panel of this Court concluded that the gist of the action doctrine does not allow a trial court to convert a breach of contract claim into a tort claim and then dismiss the claim based on the statute of limitations. *Swatt v. Nottingham Village*, -- A.3d.--, 2025 WL 1821998, *24 (Pa. Super. filed July 2, 2025). The *Swatt* Court held that "contract claims never were, and are not now, subject to the gist-of-the-action-doctrine" and further held that "[t]he doctrine does not extinguish contractual rights, simply because the defendant's conduct may also be a tort." *Id*.

Here, the trial court characterized Mr. Poteat's breach of contract claim as sounding in tort and opined: "[p]ursuant to the factual allegations of [Mr. Poteat]'s [c]omplaint, **the gist of the action is one of tort**, specifically professional negligence. Asserting only factual allegations of professional negligence is not sufficient to support a breach of contract cause of action." Trial Ct. Op., 2/7/23, at 6-7 (emphasis added).

Pursuant to **Swatt**, the trial court in this case erred when it applied the gist of the action doctrine to convert Mr. Poteat's breach of contract claim into a tort claim and extinguish Mr. Poteat's breach of contract claim. The gist of the action doctrine does not apply to this case because Mr. Poteat has pled a breach of contract claim when he alleged that Appellees breached the retainer agreement by failing to provide competent legal services; not a tort claim.

**Implicit Duty to Provide Competent Legal Services**

In sustaining the preliminary objections in the nature of a demurrer and dismissing Mr. Poteat's complaint in its entirety, the trial court also opined that "the breach of contract claim as pled is legally insufficient" because Mr. Poteat failed to "allege a breach of a specific duty imposed by the contract." Trial Ct. Op. at 6-7. In reaching this conclusion, the trial court relied on **Bruno v. Erie Ins. Co.**, 106 A.3d 48 (Pa. 2014), and rejected our Supreme Court's holding in **Bailey v. Tucker**, 621 A.2d 108 (Pa. 1993), and this Court's

decision in in ***Gorski v. Smith***, 812 A.2d 683 (Pa. Super. 2002).[3]  ***See*** Trial Ct. Op. at 5.

The trial court erred in relying on ***Bruno*** to support its position that a breach of contract claim must be founded on the breach of a specific executory promise rather than an implied duty.  Simply put, ***Bruno*** does not discuss the enforceability of an implicit duty that a defendant undertakes in a contract.  More specifically, ***Bruno*** does not address the enforceability of an implied contractual provision requiring a lawyer to provide competent legal services.[4]  Thus, ***Bruno*** does not support the trial court's conclusion that Mr. Poteat's complaint is legally insufficient.

---

[3] We note that the trial court, in concluding that Mr. Poteat failed to identify a duty that Appellees breached in their Retainer Agreement, relies on an unpublished memorandum opinion, ***Lindner v. Wyrich,*** No. 2:20-CV-1843, 2021 WL 5363324, at *4 (W.D. Pa. June 30, 2021), a case from the Western District of Pennsylvania that relied on unpublished Superior Court and federal court decisions to conclude that "***Gorski's*** broad interpretation is no longer correct."  Obviously, it is only the Pennsylvania Supreme Court that can overrule ***Gorski***.  Until such time, ***Gorski*** as well as ***Bailey*** remain the law in Pennsylvania and, as discussed *infra*, legal services agreements implicitly impose on counsel the duty to perform legal services in a manner that comports with the profession at large.  ***See Gorski***, 812 A.2d at 694; ***Bailey***, 621 A.2d at 115

[4] Rather, in ***Bruno***, a case involving a contract between a homeowner and an insurance company, our Supreme Court addressed whether a plaintiff can assert both a tort claim and a breach of contract claim when the duty set forth in the contract is similar to the duty that the plaintiff alleges was breached as part of his or her negligence action.  ***Bruno***, 106 A.3d at 50.

Moreover, *Bailey* and *Gorski* are precedential, instructive, and support the public policy that when attorneys enter into a contract to provide legal services, they undertake a contractual duty to provide competent legal services and clients have the right to enforce such a duty. Even if the agreement does not explicitly include this language, it is a condition that both parties contemplate and should be a basis for a client to assert a breach of contract claim.

In *Bailey*, our Supreme Court addressed the special nature of an attorney-client agreement and the terms implicit in such an agreement. Our Supreme Court explained that "if an attorney agrees to provide his or her best efforts and fails to do so, an action will accrue. Of course, an attorney who agrees for a fee to represent a client **is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large.**" *Bailey*, 621 A.2d at 115 (emphasis added).

This Court rendered a similar holding in *Gorski* when we concluded that when an attorney and client enter into an agreement for the attorney to provide legal services, the agreement contains an implicit "contractual duty" on the attorney to render competent legal services and that the implied duty can serve as a basis for a breach of contract claim. As this Court found:

> *Bailey* established the proposition that every contract for legal services contains, as an implied term of the contract, a promise by the attorney to render legal services in accordance with the profession at large. Thus, when an attorney enters into a contract to provide legal services, there automatically arises a contractual duty on the part of the attorney to render those legal services in a manner that comports with the profession at large. **Hence, a**

**breach of contract claim may properly be premised on an attorney's failure to fulfill his or her contractual duty to provide the agreed upon legal services in a manner consistent with the profession at large.**

*Gorski*, 812 A.2d at 694 (emphasis added).

Accordingly, our case law imposes a duty, *albeit* an implicit one, on an attorney when he enters into a contract to perform legal services to do so in a competent manner.

Moreover, ***Gorski*** provides legal support for the proposition that a claim for breach of contract to perform competent legal services can be based solely upon that implied obligation. ***Id.*** We see no legal basis for finding that this implicit provision, which is foundational and central to the attorney's professional duty to provide competent legal services, cannot provide an independent basis for a cause of action. In other words, when an attorney enters into a contract to provide legal services, he implicitly agrees to provide competent legal services.

Accordingly, we hold that a plaintiff has an enforceable contractual right against his or her retained attorney based solely on an implied duty of the defendant/attorney to represent a client in a manner that comports with the professional standards of the legal profession. Stated another way, the implied duty, alone, may satisfy the duty element of a claim for breach of a contract for legal services.

For the foregoing reasons, we conclude that the trial court erred when it sustained Appellees' preliminary objections and dismissed the complaint with prejudice.[5]

Order reversed.  Case remanded.  Jurisdiction relinquished.

President Judge Lazarus, Judges Kunselman, Murray, Sullivan, and Beck join.

Judge Stabile files a Dissenting Opinion in which President Judge Emeritus Panella and Judge King join.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/11/2025

---

[5] We emphasize that this Opinion does not address the merits of whether Appellees provided competent legal services.  Rather, our disposition only finds that the trial court erred in sustaining Appellees' preliminary objections.